UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Julian Flores aka Julian Flores Sanchez,<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>Defendant. | Case No.: 2:21-cv-00006-JRC<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to the Court's Order of February 23, 2021 (Dkt. No. 11), the parties hereby submit this Joint Status Report and Discovery Plan and inform the Court as follows:

**1.      Statement of the nature and complexity of the case.**

*A.*      **Plaintiff's statement of the case:** Plaintiff Julian Flores ("Flores"), brought this action for damages caused by Defendant Wells Fargo's mishandling of payments made in Plaintiff's Chapter 13 bankruptcy plans which constitutes breach of contract, violations of 11 U.S.C. 524 (i), the Washington Consumer Protection Act, RCW 19.86, *et seq.*, and tort laws against Defendant Wells Fargo Bank, N.A. All of the claims stated herein stem from the wrongful servicing during bankruptcy and afterward as related to the Plaintiffs' loan.

In May 2004, the Plaintiff purchased a home and in 2006 refinanced his home loan with World Savings Bank, FSB who is the predecessor in interest to Wells Fargo Bank, NA ("Wells

JOINT STATUS REPORT AND DISCOVERY PLAN
2:21-cv-00006-RSL - 1

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595

Fargo"), who currently claims to be owning and holding the loan. During the great recession, Mr. Flores defaulted on his mortgage loan for his home and for three other real properties he owned, forcing him into a chapter 13 bankruptcy on September 11, 2011 to reorganize his finances. Mr. Flores completed all payments on his chapter 13 plan, making 75 timely mortgage payments to Wells Fargo through the Chapter 13 Trustee, totaling $140,150 but at the end of the case, in response to the Notice of Final Cure Payment on May 10, 2017, Wells Fargo claimed there were still eight (8) payments due or $15,663.12 which he was not able to make up at the time, causing him to lose his discharge and car repossessions, home foreclosure, credit issues and liability for debt that would have been discharged in the bankruptcy. His attempts to fix it on his own went unanswered, and he was forced to hire a lawyer and file suit to resolve the issues.

**B.     Defendant's statement of the case:**  In this suit, plaintiff seeks to hold Wells Fargo responsible for plaintiff's own failure to timely complete his chapter 13 bankruptcy plan. But plaintiff's claims fail for at least four reasons:

*First*, plaintiff's claim under the bankruptcy code's discharge injunction provision, 11 U.S.C. § 524, fails because Section 524 does not provide a private right of action.

*Second*, the bankruptcy code preempts plaintiff's state law claims.

*Third*, plaintiff's tort claims are time barred because he waited until after the applicable statutes of limitation had expired before filing suit.

*Finally*, even if he were not barred from proceeding for each of the above reasons (he is), plaintiff cannot point to any action by Wells Fargo that caused his bankruptcy to fail.  Rather, plaintiff's own actions, including his failure to complete his bankruptcy plan in the required time, caused the dismissal of the bankruptcy proceeding.  And in any event, each of plaintiff's claims fails to state a cause of action under Rule 12(b)(6).

**2.     Proposed deadline for joining additional parties**: The parties propose May 10, 2021 as the deadline to join additional parties.

JOINT STATUS REPORT AND DISCOVERY PLAN
2:21-cv-00006-RSL - 2

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595

3.     **Consent to Magistrate Judge**: The Parties respectfully do not consent to a Magistrate Judge conducting all pre-trial proceedings.

4.     **The existence of any related cases**:  None.

5.     **Initial disclosures and proposed schedule for Rule 26(f) conference**: The parties served initial disclosures by March 16, 2020 per the court's order (Dkt No. 11).  The parties held the Rule 26(f) conference by telephone on March 8, 2021.

6.     **Changes if any to the timing or form of expert and pretrial disclosures**:  None other than those described in the parties' proposed case schedule.

7.     **Subjects, timing, and potential phasing of discovery:**

   *A.     Subjects of Discovery*

   The parties respond to this topic as follows, with each party reserving all objections to any actual discovery request regardless of whether identified below:

   **Plaintiff** currently intends to conduct discovery on the following topics:

   1.     The account history on the loan, both before, during and after bankruptcy, including any escrow charges and the application of payments to the loan.

   3.     Documentation for all communications both written and oral between the Plaintiff and Defendant and their agents.

   4.     Policies and Procedures for handling loans during a bankruptcy filing.

   5.     Policies and Procedures for handling a loan after dismissal of a bankruptcy filing.

   6.     Policies and Procedures for handling Notices of Error and Requests for Information.

   7.     Policies and Procedures regarding the handling of escrow.

   8.     Any actions taken or consent decrees with government regulators regarding Wells Fargo's servicing practices related to bankruptcy.

   9.     On boarding procedures for mortgage servicing when this loan transferred to a new servicer.

JOINT STATUS REPORT AND DISCOVERY PLAN
2:21-cv-00006-RSL - 3

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595

1    10.    The mortgage servicing platform used to track payments and charges on the loan.

2    11.    Inquiry into the filing and non-filing of FRBP 3002.1 related notices during the Plaintiff's Bankruptcy.

**Defendant** states that if the case survives the motion to dismiss, defendant intends to conduct discovery related to plaintiff's allegations and defendant's defenses. Defendant reserves the right to object to plaintiff's discovery requests.

    *B.*    *Timing of Discovery*

The parties respectfully request that the Court enter the case schedule set forth in paragraph 13, below.

    *C.*    *Potential Phasing of Discovery*

The parties do not anticipate needing to phase discovery.

**8.    Agreements related to preservation of discoverable information**: The parties have undertaken efforts to preserve potentially discoverable information in their respective possession, custody and control.

**9.    Whether case involves ESI, and whether parties would agree to Model Protocol**: The parties are discussing whether entry into a formal stipulation or agreement based on the District's Model Protocol for Discovery of ESI in Civil Litigation is appropriate. The parties agree to consider resolving any discovery disputes using LCR 37(a)(2)'s expedited joint motion procedure. Should an ESI discovery order become necessary later in the case, the parties agree to jointly prepare such an order for the court's review and entry.

**10.    Whether case involves attorney-client privilege or work product issues**: The parties reserve the right to assert all applicable privileges, and they do not anticipate the need to impose requirements beyond those set forth in the Federal Rules of Civil Procedure.

**11.    Procedures for handling inadvertent disclosure of privileged information**: The parties agree that information inadvertently produced in discovery that is otherwise privileged or protected work product shall be immediately returned to the producing party, sequestered, or

JOINT STATUS REPORT AND DISCOVERY PLAN
2:21-cv-00006-RSL - 4

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595

destroyed. Inadvertent production shall not constitute a waiver of such protection.

The parties request the court enter an order pursuant to Fed. R. Evid. 502(d).

**12.** **Changes, if any, to the limitations on discovery**:

*A.* The parties anticipate the need for protective order to govern the use of information in discovery designated as "confidential." The parties agree to use the Model Stipulated Protective Order, as modified by mutual agreement. The parties expect to file a proposed Stipulated Protective Order by May 31, 2021. Such agreement does not preclude any party from filing a request for protective order, whether stipulated or not, at any time as allowed by the Civil Rules.

*B.* The parties agree that discovery requests, responses, initial disclosures, deposition notices, and other case related materials not filed with the Court can be served electronically by email.

*C.* The parties do not otherwise anticipate the need for any changes or limitations on discovery.

**13.** **The date discovery can be completed**: The parties respectfully request that the Court enter the following case schedule for discovery and dispositive motions:

| Event | Deadline |
| --- | --- |
| Deadline to Join Additional Parties | May 10, 2021 |
| Fact Discovery Cut-Off | January 31, 2022 |
| Any party who intends to rely on expert testimony, other than for rebuttal purposes, shall make expert disclosures under Fed. R. Civ. P. 26(a)(2) | November 5, 2021 |
| Dispositive Motion Deadline | March 15, 2022 |
| Trial | July 2022 |

**14.** **Suggestions for the prompt and efficient resolution of the case**: The parties do not anticipate the need to formally request phased motions at this time. If a party later concludes that issues in this case require phasing, those matters will be promptly brought to the attention of the court and parties. The parties do not anticipate any bifurcation of issues at trial currently. If a

JOINT STATUS REPORT AND DISCOVERY PLAN
2:21-cv-00006-RSL - 5

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595

party later concludes that issues in this case requires bifurcation, those matters will be promptly brought to the attention of the court and parties.

15. **ADR / individualized trial program**: The parties will continue to discuss the feasibility of conducting ADR in this case. The parties decline an Individualized Trial Program for this case.

16. **Trial date**: The parties agree that the case will be ready for trial in July 2022. The parties do not have any known conflicts in 2022. The parties believe a pretrial statement and pretrial order called for by Local Civil Rule 16(h)(i) and (k) and 16.1 should be utilized in this case.

17. **Jury or non-jury trial**: Plaintiff has requested a jury trial on claims so triable.

18. **Trial days**: The parties expect this case will require five trial days.

19. **Corporate disclosure statement – LCR 7.1**: Plaintiff is an individual. Wells Fargo filed its corporate disclosure statement on March 15, 2021.

DATED this 23rd of March 2021.

 /s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 / Fax 206-400-7609
chenry@hdm-legal.com

 /s/ V. Omar Barraza
Vicente Omar Barraza, WSBA 43589
BARRAZA LAW, PLLC
Counsel for Plaintiffs
10728 16th Ave SW
Seattle, WA 98146
206-933-7861 / Fax 206-933-7863
omar@barrazalaw.com

 /s/ Peter A. Talevich
Peter A. Talevich
Raina V. Wagner
K&L Gates LLP (WA)
925 Fourth Ave, Ste 2900
Seattle, WA 98104-1158
206-370-8070
Email: peter.talevich@klgates.com
          raina.wagner@klgates.com

JOINT STATUS REPORT AND DISCOVERY PLAN
2:21-cv-00006-RSL - 6

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595

Andrew C. Glass, *pro hac vice*
Gregory N. Blase, *pro hac vice*
K&L Gates LLP (MA)
State Street Financial Center
One Lincoln Street
Boston, MA 02111
617-261-3100
Email: andrew.glass@klgates.com
        gregory.blase@klgates.com

JOINT STATUS REPORT AND DISCOVERY PLAN
2:21-cv-00006-RSL - 7

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March 2021,

1. I caused to be electronically filed the foregoing Joint Status Report and Discovery Plan with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Andrew C. Glass - andrew.glass@klgates.com

Gregory Blase - gregory.blase@klgates.com

Raina V. Wagner - raina.wagner@klgates.com

Peter Anthony Talevich - peter.talevich@klgates.com

*Christina L Henry*
Christina L Henry, WSBA #31273

JOINT STATUS REPORT AND DISCOVERY PLAN
2:21-cv-00006-RSL - 8

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595