HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

| JULIAN FLORES aka JULIAN FLORES SANCHEZ. | Case No.   2:21-cv-00006-RSL |
|---|---|
| Plaintiff, | MOTION TO DISMISS AMENDED COMPLAINT BY WELLS FARGO BANK, N.A. |
| v. | |
| WELLS FARGO BANK, N.A. | NOTE ON MOTION CALENDAR: June 4, 2021 |
| Defendant. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     STATEMENT OF FACTS ..................................................................................2

III.    ARGUMENT .....................................................................................................3

        A.      Standard of Review.                                                          3

        B.      Plaintiff's state law claims are preempted by the bankruptcy code.          4

        C.      Plaintiff's tort claims are barred by the statute of limitations.           5

        D.      Plaintiff's tort claims are barred by the independent duty doctrine.        7

        E.      Plaintiff's ECOA claim fails as a matter of law.                            9

        F.      Plaintiff's RESPA claim fails.                                              10

        G.      Plaintiff fails to adequately allege facts supporting required
                elements of each state law claim.                                           11

                1.      Plaintiff's state law claims fail to allege the necessary
                        causation element.                                                  11

                2.      Plaintiff fails to allege a breach of contract claim.               15

                3.      Plaintiff fails to state a claim for breach of good faith and
                        fair dealing.                                                       15

                4.      To the extent they are based on Wells Fargo's responses to
                        plaintiff's inquiries, plaintiff's negligence claims fail to
                        state a claim.                                                      16

                5.      Plaintiff's outrage claim fails as a matter of law.                 17

IV.     CONCLUSION ................................................................................18

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - i

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Cases**

4

5
*Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*,
    15 F. Supp. 3d 1116 (W.D. Wash. 2014) ........................................................ 5

6

7
*Alejandre v. Bull*,
    159 Wn. 2d 674, 153 P.3d 864 (2007) ............................................................ 8

8
*Alhadeff v. Meridian on Bainbridge Island, LLC*,
    167 Wn.2d 601, 220 P.3d 601 (2009) ............................................................ 12

9

10
*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................... 3, 14

11

12
*Badgett v. Sec. State Bank*,
    116 Wn.2d 563, 807 P.2d 356 (1991) ............................................................ 15

13
*Barrett v. Weyerhaeuser Co. Severance Pay Plan*,
    40 Wn. App. 630, 700 P.2d 338 (1985) ...................................................... 15, 16

14

15
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................... 3

16
*Berschauer/Phillips Const. Co. v. Seattle Sch. Dist. No. 1*,
    124 Wn.2d 816, 881 P.2d 986 (1994) ............................................................ 8

17

18
*Bibeau v. Pac. Nw. Research Found. Inc.*,
    188 F.3d 1105 (9th Cir. 1999) ........................................................................ 6

19

20
*Blair v. Northwest Trustee Servs., Inc.*,
    193 Wn. App. 18, 372 P.3d 127 (2016) .......................................................... 12

21

22
*Canatella v. Van De Kamp*,
    486 F.3d 1128 (9th Cir. 2007) ........................................................................ 5

23
*In re Chaussee*,
    399 B.R. 225 (9th Cir. B.A.P. 2008) ........................................................... 4, 5

24

25

26

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - i

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Congdon v. Wells Fargo Bank, N.A.*,
    No. 16-1629RSL, 2017 WL 2443649 (W.D. Wash. June 6, 2017)...................................... 8

*Davidheiser v. Pierce Cty.*,
    92 Wn. App. 146, 960 P.2d 998 (1998).................................................................................. 5

*Davis v. CitiMortgage, Inc.*,
    No. 10–12136, 2011 WL 891209 (E.D. Mich. Mar. 11, 2011) ............................................ 9

*Deegan v. Windermere Real Estate/Center-Isle, Inc.*,
    197 Wn. App. 875, 391 P.3d 582 (2017)............................................................................... 6

*Diamante v. Solomon & Solomon, P.C.*,
    No. 1:99CV1339, 2001 WL 1217226 (N.D.N.Y. Sept. 18, 2001) ........................................ 5

*Dicomes v. State*,
    113 Wn.2d 612, 782 P.2d 1002 (1989) ............................................................................... 12

*Dodge v. Evergreen School District*,
    No. C20-5224JLR, 2021 WL 135880 (W.D. Wash. Jan. 13, 2021)..................................... 17

*Doe v. Finch*,
    133 Wn.2d 96, 942 P.2d 359 (1997) ...................................................................................... 5

*Donatelli v. D.R. Strong Consulting Engineers, Inc.*,
    179 Wn.2d 84, 312 P.3d 620 (2013) ...................................................................................... 7

*Eastwood v. Horse Harbor Found., Inc.*,
    170 Wn.2d 380, 241 P.3d 1256 (2010) ............................................................................... 7, 8

*Freeman v. Ocwen Loan Servicing, LLC*,
    No. 1:18-cv-03844-TWP-DLP, 2020 WL 7489033 (S.D. Ind. Dec. 21,
    2020)........................................................................................................................................ 5

*Green v. A.P.C. (Am. Pharm. Co.)*,
    136 Wn.2d 87, 960 P.2d 912 (1998) ...................................................................................... 6

*Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*,
    58 F. Supp. 3d 1166 (W.D. Wash. 2014) ............................................................................. 11

*Jackson v. Peoples Fed. Credit Union*,
    25 Wn. App. 81, 604 P.2d 1025 (1979).................................................................................. 18

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - ii

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*In re John Richards Homes Bldg. Co.*,
   298 B.R. 591 (E.D. Mich. 2003) ............................................................................ 4

*Johnson v. Yousoofian*,
   84 Wn. App. 755, 930 P.2d 921 (1996)............................................................... 15

*Keystone Land & Dev. Co. v. Xerox Corp.*,
   152 Wn.2d 171, 94 P.3d 945 (2004) .................................................................. 16

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ............................................................................... 2

*Mashburn v. Wells Fargo Bank, N.A.*,
   No. C11–0179–JCC, 2011 WL 2940363 (W.D. Wash., Jul. 19, 2011) ............... 9

*In re Miles*,
   294 B.R. 756 (9th Cir. B.A.P. 2003) .................................................................... 5

*In re Miles*,
   430 F.3d 1083 (9th Cir. 2005) ............................................................................. 4

*Moratti v. Farmers Ins. Co.*,
   162 Wn. App. 495, 254 P.3d 939 (2011)........................................................... 11

*MSR Exploration, Ltd. v. Meridian Oil, Inc.*,
   74 F.3d 910 (9th Cir. 1996) ................................................................................. 4

*Pertuso v. Ford Motor Credit Co.*,
   233 F.3d 417 (6th Cir. 2000) ............................................................................... 4

*Reyes v. Yakima Health District*,
   191 Wn.2d 79, 419 P.3d 819 (2018) .................................................................. 17

*Ross v. Kirner*,
   162 Wn.2d 493, 172 P.3d 701 (2007) ................................................................ 12

*Schlegel v. Wells Fargo Bank, N.A.*,
   2011 WL 2621668 (N.D. Cal. Jul. 5, 2011) ........................................................ 9

*Sherlock Investments-Duvall LLC v. Intercoastal Auto Brokers & Logistics LLC*,
   No. 2:20-cv-00129-RAJ-BAT, 2020 WL 4729066 (W.D. Wash. Apr. 7, 2020)................................................................................................................... 14

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - iii

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Siu Man Wu v. Pearce,*
   No. C11–0860RSL, 2012 WL 1463307 (W.D. Wash. Apr. 27, 2012) ............................... 3

*Stoimenova v. Select Portfolio Servicing,*
   No. 5-15-cv-1504-RMW, 2015 WL 4880943 (N.D. Cal. Aug. 14, 2015) ......................... 8

*Superior Consulting Services, Inc. v. Steeves-Kiss,*
   786 F. App'x 648 (9th Cir. 2019) .................................................................................... 2

*Trail v. Civil Engineers Corps., U.S. Navy, Naval Facilities Engineering*
   *Command,*
   849 F. Supp. 766 (W.D. Wash. 1994) ............................................................................ 12

*United States v. Ritchie,*
   342 F.3d 903 (9th Cir. 2003) ........................................................................................... 3

*Vance v. Wells Fargo Bank, N.A.,*
   291 F. Supp. 3d 769 (W.D. Va. 2018) ............................................................................ 11

*Vaughn v. Montague,*
   924 F. Supp. 2d 1256 (W.D. Wash. 2013) ...................................................................... 5

*Walter Implement, Inc. v. Focht,*
   107 Wn.2d 554, 730 P.2d 1340 (1987) ........................................................................... 15

*Willener v. Sweeting,*
   107 Wn.2d 388, 730 P.2d 45 (1986) ............................................................................... 15

**Statutes**

11 U.S.C. § 524 .................................................................................................................. 15

11 U.S.C. § 1307(c)(1) ................................................................................................... 3, 13

11 U.S.C. § 1322 ................................................................................................................. 2

15 U.S.C. § 1691(d)(2) ........................................................................................................ 9

Equal Credit Opportunity Act ................................................................................... 1, 9, 10

RCW 4.16.080 ..................................................................................................................... 5

Real Estate Settlement Procedures Act (RESPA) ...................................................... 1, 4, 10

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - iv

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**Rules**

Rule 12(b)(6) ................................................................................................. 1, 2

**Other Authorities**

12 C.F.R. § 1002.2(c)(2)(ii)............................................................................. 9

12 C.F.R. § 1024.41........................................................................................ 11

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - v

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# I.   INTRODUCTION

The Amended Complaint does nothing to cure the fatal defects with plaintiff's claims. Plaintiff seeks to hold Wells Fargo responsible for plaintiff's failure to timely complete his chapter 13 bankruptcy plan.  *See* Am. Compl. ¶¶ 1, 14.  But the law does not afford plaintiff a cause of action for his own failure.  For that reason, and those that follow, the Court should dismiss plaintiff's claims with prejudice:

*First,* the bankruptcy code preempts plaintiff's state law claims.

*Second*, plaintiff's tort claims are time barred because he waited until after the applicable statutes of limitation had expired before filing suit.

*Third*, the independent duty doctrine bars plaintiff's tort claims where all of his claims arise from the manner in which Wells Fargo allegedly enforced the terms of the parties' contract.

*Fourth*, plaintiff has failed to state a claim under the Equal Credit Opportunity Act, because he was not entitled to an "adverse action notice" in connection with a request for a loan modification that he made after he defaulted on his loan.

*Fifth*, far from stating a claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), the allegations in the Amended Complaint establish that the bank thoroughly investigated plaintiff's RESPA requests, and provided an explanation and a substantial payment in response.  Nothing in the Amended Complaint comes close to stating a RESPA claim.

*Sixth*, even if he were not barred from proceeding for each of the above reasons (he is), plaintiff cannot point to any action by Wells Fargo that caused his bankruptcy to fail.  Rather, plaintiff's own actions, including his failure to complete his bankruptcy plan in the required time, caused the dismissal of the bankruptcy proceeding.

*Finally*, each of plaintiff's claims fails to state claim under Rule 12(b)(6).

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## II.    STATEMENT OF FACTS

In July 2006, Wells Fargo extended plaintiff a loan, secured by a lien on property at 30845 10th Avenue SW, Federal Way, Washington (the "Property").  Dkt. No. 19, ¶ 7.[1] Plaintiff co-owned at least two other properties in Federal Way.  *Id*. at ¶ 11.

As plaintiff concedes, he defaulted on his Wells Fargo loan.  *Id*.  In September 2011, plaintiff filed a petition under chapter 13 of the bankruptcy code.  *Id*. at ¶ 12.  After rejecting plaintiff's first three proposed plans, the bankruptcy court confirmed plaintiff's fourth proposed chapter 13 plan on March 3, 2012.  Request for Judicial Notice ("RJN"), Ex. A (Bkr. Dkt. No. 43), at 2; and Ex. B (Bkr. Dkt. No. 45), at 1.  The confirmed plan required plaintiff to complete his chapter 13 plan within 60 months and established that, among his other debts, he was over $4,000 in arrears on the Wells Fargo loan.  RJN Ex. A at 2.

In May 2017, the bankruptcy trustee filed a notice of final cure payment regarding plaintiff's loan.  Dkt. No. 19, ¶ 12.  Wells Fargo's May 31, 2017 response to the trustee's notice stated that plaintiff had cured his pre-petition arrearage and had failed to make a number of post-petition payments.[2]  *Id*. ¶¶ 15, 16.  *Plaintiff never objected to Wells Fargo's response*.

In September 2017, the bankruptcy trustee moved to dismiss the chapter 13 proceeding because the "plan exceed[ed] 60 months and is not yet completed."  RJN Ex. G (Bkr. Dkt. No.

---

[1] The documents filed in plaintiff's bankruptcy proceeding are subject to judicial notice, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), and are made part of the Amended Complaint by plaintiff's own reference to them, *Superior Consulting Services, Inc. v. Steeves-Kiss*, 786 F. App'x 648, 650-51 (9th Cir. 2019).  The documents from plaintiff's bankruptcy proceeding to which Wells Fargo refers in this motion are attached to a concurrently filed request for judicial notice.

[2] Under 11 U.S.C. § 1322, a chapter 13 debtor such as plaintiff may provide for the repayment of an arrearage on a loan secured by the debtor's primary residence.  The bankruptcy court lacks authority to modify any other term of the loan contract, and thus, during the bankruptcy, the chapter 13 debtor is required to make all monthly payments that are due after the date of the bankruptcy petition.

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

93), at 2.  Under 11 U.S.C. § 1307(c)(1), the trustee may obtain dismissal of a chapter 13 proceeding based upon "unreasonable delay by the debtor that is prejudicial to creditors." *Plaintiff never objected to the trustee's motion.*  Thus, the bankruptcy court dismissed the proceeding on December 1, 2017.  RJN Ex. H (Bkr. Dkt. No. 97), at 1.

In April 2018, plaintiff submitted a request for information to Wells Fargo.  Dkt. No. 19, ¶ 37.  In response, Wells Fargo detailed the findings of it substantive investigation, including actions Wells Fargo took in response to plaintiff's inquiries.  *Id*. ¶¶ 68-71.

## III.   ARGUMENT

### A.   Standard of Review.

To survive a motion to dismiss for failure to state a claim, the Amended Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  But "allegations [that] are conclusory" are "not entitled to be assumed true."  *Id.* at 681.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is [also] inapplicable to legal conclusions," which "must be supported by factual allegations." *Id.* at 678-79.  And the allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, the Court need only consider the plausible, non-conclusory allegations in the Amended Complaint and may also consider "matters of judicial notice" without converting the motion into one for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  The Court may also consider "any 'obvious alternative explanation' for defendant's conduct based on the court's 'judicial experience and common sense.'"  *Siu Man Wu v. Pearce*, No. C11–0860RSL, 2012 WL 1463307, at *3 (W.D. Wash. Apr. 27, 2012) (quoting *Twombly*, 550 U.S. at 567; *Iqbal*, 556 U.S. at 679).

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**B.      Plaintiff's state law claims are preempted by the bankruptcy code.**

The bankruptcy code "preempts substantive state law claims and remedies for alleged misconduct that occurs in connection with a bankruptcy case." *In re Chaussee*, 399 B.R. 225, 232 (9th Cir. B.A.P. 2008); *see also In re Miles*, 430 F.3d 1083, 1092 (9th Cir. 2005) (complete preemption bars state tort claim because "remedies and sanctions for improper behavior and filings in bankruptcy court . . . are matters on which the Bankruptcy Code is far from silent and on which uniform rules are particularly important"); *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996) ("the highly complex laws needed to constitute the bankruptcy courts and regulate the rights of debtors and creditors also underscore the need to jealously guard the bankruptcy process from even slight incursions and disruptions brought about by" state law claims); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 426 (6th Cir. 2000) ("[p]ermitting assertion of a host of state law causes of action to redress wrongs under the Bankruptcy Code would undermine the uniformity the Code endeavors to preserve"); *In re John Richards Homes Bldg. Co.*, 298 B.R. 591, 598 (E.D. Mich. 2003) (bankruptcy code "is almost uniformly held to preempt a debtor's state law claims against petitioning creditors after an involuntary bankruptcy petition is dismissed").

Plaintiff concedes in the very first sentence of the Amended Complaint that his own case is about the alleged "mishandling of payments *made in Plaintiff's Chapter 13 bankruptcy*." Am. Compl. at 1:16-17 (emphasis added).  Thus, plaintiff ties each of his state law claims directly to Wells Fargo's May 31, 2017 response in plaintiff's bankruptcy that he had failed to make a number of post-petition payments.  Dkt. No. 19, ¶ 39 (RESPA notice of error, confirming that plaintiff's disputes are all premised on actions that allegedly occurred in connection with his bankruptcy proceeding), and ¶¶ 21, 22, 98, 100, 111, 130, 134, 138, 141

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   (asserting that Wells Fargo did not reconcile plaintiff's account as indicated in its May 31, 2017

2   response and that the response prevented plaintiff from obtaining a discharge).

3          Because plaintiff seeks relief for actions that all occurred in connection with his

4   bankruptcy proceeding, his claims are preempted.  *See*, *e.g.*, *In re Chaussee*, 399 B.R. at 230

5   (plaintiff's claim under Washington's CPA was "clearly" preempted because it was based on

6   the filing of a proof of claim); *In re Miles*, 294 B.R. 756, 761 (9th Cir. B.A.P. 2003) (bankruptcy

7   code preempted state law claims for emotional distress and negligent misrepresentation

8   connected to prior bankruptcy proceeding); *Freeman v. Ocwen Loan Servicing, LLC*, No. 1:18-

9   cv-03844-TWP-DLP, 2020 WL 7489033, at *8-9 (S.D. Ind. Dec. 21, 2020) (bankruptcy code

10  preempts a breach of contract claim where the claim is based on creditor's actions during

11  bankruptcy proceeding, including claims that the creditor failed to timely accept and apply

12  mortgage payments); *Diamante v. Solomon & Solomon, P.C.*, No. 1:99CV1339 (FJS/DRH),

13  2001 WL 1217226, at *2 (N.D.N.Y. Sept. 18, 2001) (conversion and intentional infliction of

14  emotional distress claims preempted because they concerned bankruptcy proceedings).  Thus,

15  the Court should dismiss plaintiff's state law claims.

16  **C.      Plaintiff's tort claims are barred by the statute of limitations.**

17          The statute of limitations for each of plaintiff's common law tort claims is three years.

18  *See* RCW 4.16.080; *see also Davidheiser v. Pierce Cty.*, 92 Wn. App. 146, 156 n.5, 960 P.2d

19  998 (1998) (negligent misrepresentation); *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*,

20  15 F. Supp. 3d 1116, 1128 n.5 (W.D. Wash. 2014) (negligence); *Vaughn v. Montague*, 924 F.

21  Supp. 2d 1256, 1267 (W.D. Wash. 2013) (conversion); *Doe v. Finch*, 133 Wn.2d 96, 101, 942

22  P.2d 359 (1997) (outrage). [3]   Federal courts typically "apply the forum state's statute of

23  limitations."  *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).

24  _____

25  [3] Plaintiff's outrage claim may be subject to a two-year limitations period.  *See Doe v. Finch*,

26

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

According to the Amended Complaint, each of plaintiff's tort claims arose from Wells Fargo's May 31, 2017 response that plaintiff had failed to make a number of post-petition payments.  Dkt. No. 19,  ¶¶ 21, 22, 39, 98, 100, 111, 130, 134, 138, 141 (asserting that Wells Fargo did not reconcile plaintiff's account as indicated in its May 31, 2017 response and that the response prevented plaintiff from obtaining a discharge).  Because each of plaintiff's tort claims accrued on May 31, 2017, the limitations period for each claim expired well before plaintiff filed this action in 2021.  Thus, the Court should dismiss those claims.

Plaintiff cannot avoid dismissal by asserting that he was unaware of Wells Fargo's purported misapplication of payments until March 2019.  Dkt. No. 19, ¶¶ 126, 133, 137, 145. That is because once Wells Fargo filed its response in May 2017, plaintiff was on notice that Wells Fargo deemed his account delinquent, and yet he failed to take *any* action to contest the May 2017 filing.  Thus, the discovery rule bars his claims.  *See Deegan v. Windermere Real Estate/Center-Isle, Inc.*, 197 Wn. App. 875, 893, 391 P.3d 582 (2017) ("cause of action accrues when the plaintiff, through the exercise of due diligence, knew or should have known the basis for the cause of action"); *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (under discovery rule, "plaintiff must be diligent in discovering the critical facts"); *Green v. A.P.C. (Am. Pharm. Co.)*, 136 Wn.2d 87, 960 P.2d 912, 916 (1998) ("when a plaintiff is placed on notice by some appreciable harm occasioned by another's wrongful conduct, the plaintiff must make further diligent inquiry to ascertain the scope of the actual harm").  And plaintiff himself asserts that Wells Fargo's May 31, 2017 response prevented him from obtaining a discharge and thus gave rise to his tort claims.  But plaintiff's own failure to act diligently—either after Wells Fargo filed that response or after the trustee moved to dismiss the bankruptcy due to plaintiff's failure to timely complete his bankruptcy plan—demands the

---

133 Wn.2d 96, 101, 942 P.2d 359 (1997).

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

application of the discovery rule and precludes the application of equitable tolling. Accordingly, plaintiff's claims are time barred.

### D.   Plaintiff's tort claims are barred by the independent duty doctrine.

The independent duty doctrine is an "analytical framework that is used to determine whether one party to a contract can bring tort claims against another party to the contract." *Donatelli v. D.R. Strong Consulting Engineers, Inc.*, 179 Wn.2d 84, 98, 312 P.3d 620 (2013).[4] The independent duty doctrine allows a plaintiff to pursue tort claims only "when the plaintiff can prove defendant's breach of a tort duty aris[es] independently of the terms of the contract." *Id*.  As a matter of law, the Court determines what duties have been assumed by contract.  *See id*. at 92.  Then the Court ascertains whether or not a duty in tort arises independently of the contract and thus whether or not the tort claim may proceed.  *See Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 389, 241 P.3d 1256 (2010).

Here, the independent duty doctrine bars plaintiff's tort claims because he has not pleaded any facts establishing that Wells Fargo's alleged breach of a tort duty arises independently of the terms of parties' loan agreement, namely the Deed of Trust.  As plaintiff admits, the Deed of Trust dictates how Wells Fargo must apply any payments received from plaintiff.  Dkt. No. 19, ¶ 91.  The Deed of Trust also obligates plaintiff to pay various charges and assessments and maintain hazard insurance on the Property.  And the Deed of Trust provides Wells Fargo with the authority to hold funds in an escrow account and estimate the amounts required to be held in escrow.  *Id*. at Ex. A (Deed of Trust ¶ 2(B)).  But each of plaintiff's tort claims asserts that Wells Fargo's tortious acts consisted of the supposed miscalculation and misapplication of plaintiff's payments—obligations that plaintiff himself

---

[4] The doctrine was formerly known as the "economic loss rule," and the case law discussing that rule is relevant to cases applying the independent duty doctrine.  *See Donatelli*, 179 Wn. 2d at 91.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

concedes are governed by the terms of the Deed of Trust—resulting in Wells Fargo's May 31, 2017 response that plaintiff was behind on his post-petition payments.  Thus, plaintiff's tort claims do not arise independently from the terms of the loan agreement.  Rather, they spring directly from Wells Fargo's purported breach of the loan agreement provisions governing how Wells Fargo was to apply and account for plaintiff's loan payments.

And each of plaintiff's tort claims asserts the exact same economic damages as his breach of contract claim.  *Compare* Dkt. No. 19, ¶¶ 130, 134, 138, 141 *with id*. ¶ 98.  Thus, the independent duty doctrine bars plaintiff's recovery on his tort claims.  *See Alejandre v. Bull*, 159 Wn. 2d 674, 686, 153 P.3d 864 (2007) (dismissing tort claim "[b]ecause the parties' relationship is governed by contract and the loss claimed is an economic loss"); *Berschauer/Phillips Const. Co. v. Seattle Sch. Dist. No. 1*, 124 Wn.2d 816, 826, 881 P.2d 986 (1994) (contractor's lost profits could not be recovered in tort because they arose from the underlying contract); *Congdon v. Wells Fargo Bank, N.A.*, No. 16-1629RSL, 2017 WL 2443649, *5 (W.D. Wash. June 6, 2017) (dismissing negligence claim based upon duties contained in note and deed of trust under independent duty rule); *see also Stoimenova v. Select Portfolio Servicing*, No. 5-15-cv-1504-RMW, 2015 WL 4880943, at *5 (N.D. Cal. Aug. 14, 2015) (dismissing negligence claim based on failure to properly apply mortgage loan payments because such a claim "would be a breach of contract, and not a breach of an independent duty").[5]

---

[5] The Court may also consider public policy when applying the independent duty doctrine.  *See Eastwood*, 170 Wn.2d at 390-91 (applying the independent duty doctrine; "if design professionals were under a tort duty to avoid a risk of increased business costs, the construction industry could not rely on the risk allocations in their contracts and would have an insufficient incentive to negotiate risk").  Loan agreements account for the risk of extending credit to borrowers and incorporate that risk analysis in setting the cost of credit.  Allowing borrowers to supplement the bargained for terms of the loan agreement through pursuing extraneous tort actions would enable them to evade creditors' risk calculations in underwriting a loan.

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   Because the remedy that plaintiff seeks lies in his breach of contract claim alone, the Court

2   should dismiss plaintiff's tort claims.

3   **E.    Plaintiff's ECOA claim fails as a matter of law.**

4          The Equal Credit Opportunity Act ("ECOA") provides that "[e]ach applicant against

5   whom adverse action is taken shall be entitled to a statement of reasons for such action from

6   the creditor."   15 U.S.C. § 1691(d)(2).   But the statutory definition of "adverse action"

7   specifically excludes "a refusal to extend additional credit under an existing credit arrangement

8   *where the applicant is delinquent or otherwise in default*."   *Id*. § 1691(d)(6) (emphasis added);

9   *see also* 12 C.F.R. § 1002.2(c)(2)(ii) (adverse action does not include "[a]ny action or

10  forbearance relating to an account taken in connection with inactivity, default, or delinquency

11  as to that account").   Thus, cases applying ECOA in the loan modification context uniformly

12  hold that a creditor need not provide an adverse action notice when it denies a loan modification

13  request by a delinquent borrower.   *See, e.g., Davis v. CitiMortgage, Inc.*, No. 10–12136, 2011

14  WL 891209, at *2-3 (E.D. Mich. Mar. 11, 2011) (granting creditor's motion to dismiss ECOA

15  claims when borrower was in arrears at time loan modification request was denied); *Mashburn

16  v. Wells Fargo Bank, N.A.*, No. C11–0179–JCC, 2011 WL 2940363, at *6 (W.D. Wash., Jul.

17  19, 2011) ("[d]efendant's denial of the loan modification does not constitute an adverse action,

18  because it was a refusal to extend additional credit under an existing credit arrangement where

19  the applicant was delinquent"); *Schlegel v. Wells Fargo Bank, N.A.*, 2011 WL 2621668, at *6

20  (N.D. Cal. Jul. 5, 2011) (same).

21         The Court should dismiss the ECOA claim because plaintiff's own allegations and

22  documents attached to the Amended Complaint establish that plaintiff was in default in March

23  2018, the date on which plaintiff contends without support that he was entitled to receive an

24  adverse action notice:

25

26

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

- Wells Fargo's May 31, 2017 filing, to which plaintiff never objected, indicated plaintiff was delinquent on his post-petition payments.  Dkt. No. 19, ¶ 16.

- In January 12, 2018, plaintiff obtained an attorney to help him apply for a loan modification "to save his home from foreclosure," another acknowledgment that he was in default.  *Id*. ¶ 24.

- As of February 2018, Wells Fargo notified plaintiff that he "had to pay the alleged arrears on the Loan in the amount of $15,663.12."  *Id*. ¶ 22.

- And "[o]n April 18, 2018, Plaintiff paid the amount demanded by Wells Fargo to reinstate the loan in order to save his home from foreclosure."  *Id*. ¶ 38.

Because plaintiff's own allegations establish he was in default on his loan at the time he claims that he was entitled to an adverse action notice, the Court need not credit plaintiff's conclusory statement that he was somehow current (Dkt. No. 19, ¶ 155).  Rather, because plaintiff was then in default on his loan, Wells Fargo was not required to provide him with an adverse action notice, and thus, the Court should dismiss the ECOA claim.

## F.     Plaintiff's RESPA claim fails.

Although not clear, plaintiff apparently bases his Real Estate Settlement Procedures Act ("RESPA") claim on two letters he sent to Wells Fargo in April 2018 that requested information and noted purported servicing errors, all of which occurred during his bankruptcy proceeding.  *Id*. ¶¶ 37, 39.  What is clear is that plaintiff concedes Wells Fargo communicated regularly with him about his request.  Indeed, the Amended Complaint identifies nearly 30 communications that plaintiff received from Wells Fargo regarding the status and results of its investigation.  *Id*. ¶¶ 40-71.  But those communications, along with the related actions taken by Wells Fargo as identified in those communications, establish that Wells Fargo complied with RESPA as a matter of law.  For instance, plaintiff concedes that those letters provided him with a Wells

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Fargo contact to assist him, informed him Wells Fargo had initiated a new review for possible payment options, and made the business decision to issue a significant payment to plaintiff. *Id.* ¶¶ 41, 43, 46. Indeed, as plaintiff pleads, Wells Fargo's March 5, 2019 letter to him detailed the findings of Wells Fargo's substantive investigation, including actions Wells Fargo took in response to plaintiff's inquiries. *Id.* ¶¶ 68-71. Far from demonstrating a failure to comply with RESPA's requirements, plaintiff's own allegations demonstrate that he received the precise relief—procedurally and substantively—envisioned under the statute.

Plaintiff's passing references to 12 C.F.R. § 1024.41 fare no better. Indeed, the Amended Complaint fails to plead anything as to several requisite § 1024.41 elements. For instance, nowhere does plaintiff allege that he submitted, much less that Wells Fargo received, a complete "loss mitigation application" as required by the rule. *See Vance v. Wells Fargo Bank, N.A.*, 291 F. Supp. 3d 769, 774 (W.D. Va. 2018) (dismissing plaintiffs' § 1024.41 claim because plaintiffs failed to allege that they submitted a complete loss mitigation application or that the servicer actually received the application). Thus, the Court should dismiss the claim.

## G. Plaintiff fails to adequately allege facts supporting required elements of each state law claim.

### 1. *Plaintiff's state law claims fail to allege the necessary causation element.*

A required element of each of plaintiff's state law claims is that the purported wrongdoing proximately caused the damages of which plaintiff complains:

- **Breach of Contract**: a breach of contract claim must show that a party's breach of the contract resulted in the claimed damages. *See Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1171 (W.D. Wash. 2014).

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

- **Breach of Good Faith and Fair Dealing**: proximate cause is a necessary element of any breach of the duty of good faith and fair dealing. *See Moratti v. Farmers Ins. Co.*, 162 Wn. App. 495, 512, 254 P.3d 939 (2011).

- **Negligent Misrepresentation**: a plaintiff must show that a purported negligent misrepresentation "proximately caused the plaintiff damages." *Ross v. Kirner*, 162 Wn.2d 493, 499, 172 P.3d 701 (2007).

- **Negligence**: a plaintiff must show that a party's negligence "proximately caused" the plaintiff's injury. *Trail v. Civil Engineers Corps., U.S. Navy, Naval Facilities Engineering Command*, 849 F. Supp. 766, 767 (W.D. Wash. 1994).

- **Conversion**: a plaintiff must show that the unlawful conversion caused plaintiff to be deprived of possession. *See Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wn.2d 601, 619, 220 P.3d 601 (2009).

- **CPA:** a plaintiff must establish that "but for the defendant's unfair or deceptive act or practice, the plaintiff would not have suffered an injury." *Blair v. Northwest Trustee Servs., Inc.*, 193 Wn. App. 18, 37, 372 P.3d 127 (2016).

- **Outrage**: a plaintiff must show that the extreme and outrageous conduct caused plaintiff's severe emotional distress. *See Dicomes v. State*, 113 Wn.2d 612, 630, 782 P.2d 1002 (1989).

Plaintiff bases each of his state law claims on the assertion that Wells Fargo did not properly account for and credit certain payments made by plaintiff during the pendency of the bankruptcy. Dkt. No. 19, ¶¶ 91 (breach of contract), 100 (good faith and fair dealing), 106 (CPA), 127 (negligent misrepresentation), 132 (negligence), 136 (conversion), 141 (outrage). According to plaintiff, Wells Fargo's May 31, 2017 response, which noted plaintiff's failure to make a number of post-petition payment, "blew up" his bankruptcy proceeding and "denied

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

[him] the benefit of reorganization." *Id*. at ¶ 138; *see also id*. at ¶¶ 98, 130, 134, 138, 141.  And for each claim, plaintiff alleges that the denial of that reorganization caused him "to lose both of his commercial vehicles and remain liable for the deficiency of $13,025.08," to be delinquent on his Wells Fargo loan, and to incur costs affiliated with this lawsuit.  *Id*. at ¶ 98; *see also id*. at ¶¶ 104, 116, 117, 130, 134, 138, 141.

But plaintiff has failed to adequately allege any causal connection between Wells Fargo's alleged actions and his supposed harm, and thus, each of his claims fails.  Indeed, the Amended Complaint contains no factual allegations establishing that it was Wells Fargo's response that caused either the denial of plaintiff's bankruptcy reorganization or the alleged damages that resulted.  And the filings in plaintiff's bankruptcy case that he has made part of this action by reference establish that plaintiff cannot plead the requisite causal link:

*First*, as discussed above, plaintiff failed to object to Wells Fargo's May 31, 2017 response.  Consequently, plaintiff's own failure to attempt to correct the response was the proximate cause of any harm that he claims to have suffered.

*Second*, on two occasions—both before and after Wells Fargo filed its response—the bankruptcy trustee moved to dismiss the case "pursuant to 11 U.S.C. § 1307(c)" because the "plan exceed[ed] 60 months and [was] not yet completed."  RJN Ex. E (Bkr. Dkt. No. 80), at 2, Ex. G (Bkr. Dkt. No. 93), at 2.  That section of the bankruptcy code empowers the court to dismiss a case based on "unreasonable delay by the debtor."  11 U.S.C. § 1307(c)(1).  Under the bankruptcy code, a chapter 13 plan "may not provide for payments over a period that is longer than 5 years" (*id*. at § 1311(d)), and plaintiff's plan was confirmed on March 23, 2012.  After plaintiff failed to object to either of the trustee's dismissal motions, the bankruptcy court dismissed the proceeding in December 2017.  RJN Ex. H (Bkr. Dkt. No. 97).  Accordingly, plaintiff does not—and cannot—adequately allege that any action by Wells Fargo caused the

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

dismissal of his bankruptcy proceeding.  Indeed, plaintiff acknowledges his bankruptcy proceeding was dismissed because he had not completed in time.  Dkt. No. 1, at ¶ 14.

*Third*, the bankruptcy court filings make clear that plaintiff's own delinquencies caused the damages that he attempts to attribute to Wells Fargo.  In March 2017—before Wells Fargo filed its May 31, 2021 response—a separate creditor in the bankruptcy proceeding obtained relief from the automatic stay to enforce its security interest on one of plaintiff's vehicles because he was delinquent on his payments.  RJN Ex. C (Bkr. Dkt. No. 77), at 2.  In response, plaintiff *admitted* he was unable to make sufficient payment to the creditor, and the court granted the creditor's request to sell the vehicle.  RJN Ex. D (Bkr. Dkt. No. 79), at 2, Ex. F (Bkr. Dkt. No. 85), at 1-2.  And the Amended Complaint lacks any allegation about the disposition of plaintiff's other vehicle.  Instead, plaintiff makes only the conclusory assertion that Wells Fargo's conduct somehow led plaintiff to lose both vehicles.  But offering a mere conclusion without offering any actual facts is not enough to sustain a claim.

Because plaintiff has failed to plead any facts that Wells Fargo's response could have caused his purported damages, because plaintiff's own allegations establish that he was the proximate cause of any harm he suffered, and because the allegations that plaintiff incorporates by reference from the bankruptcy filings are fatal to plaintiff's theory that Wells Fargo somehow caused him harm, the Court should dismiss plaintiff's state law claims.  *See*, *e.g.*, *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged."); *Sherlock Investments-Duvall LLC v. Intercoastal Auto Brokers & Logistics LLC*, No. 2:20-cv-00129-RAJ-BAT, 2020 WL 4729066, at *7 (W.D. Wash. Apr. 7, 2020) ("CPA claims are commonly dismissed . . . where a plaintiff fails to allege injury and causation with any factual support.") (collecting cases).

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

### 2. *Plaintiff fails to allege a breach of contract claim.*

To sustain a breach of contract claim, plaintiff must allege, among other things, the specific term of the contract that Wells Fargo breached. *See Walter Implement, Inc. v. Focht*, 107 Wn.2d 554, 557, 730 P.2d 1340 (1987); *see also Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986). At most, plaintiff alleges that Wells Fargo failed "to properly credit the payments made by Plaintiff under the [*Bankruptcy*] *Plan*." Dkt. No. 1 ¶ 91 (emphasis added). As an initial matter, although plaintiff cites to a provision in the Deed of Trust (*see id.*), he fails to allege how Wells Fargo actually violated that provision.

Nor does plaintiff provide any support for his assertion that the order confirming his bankruptcy plan constitutes a "contract" that could sustain a breach of contract claim. Indeed, it could not, because that would create a private right of action under 11 U.S.C. § 524 where none lies and would run counter to the complete preemption of the bankruptcy code. *See Walls*, 276 F.3d at 508-10. And even if it could (it cannot), plaintiff still fails to allege how any specific term of the bankruptcy court's order required Wells Fargo to do anything or how Wells Fargo failed to perform any obligations under such unidentified term. Finally, plaintiff's supposition that his account had excess escrow funds during the pendency of his bankruptcy does not aid his claim. This is because plaintiff himself admits that Wells Fargo refunded the escrow funds to the bankruptcy trustee in December 2015—long before the bankruptcy court dismissed his proceeding in 2017 for his failure to timely complete the plan's terms. *Id*. at ¶ 70. Thus, the Court should dismiss plaintiff's breach of contract claim.

### 3. *Plaintiff fails to state a claim for breach of good faith and fair dealing.*

"The duty [of good faith and fair dealing] arises only in connection with terms agreed to by the parties." *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569, 807 P.2d 356 (1991); *see also Johnson v. Yousoofian*, 84 Wn. App. 755, 762, 930 P.2d 921 (1996) ("The implied duty of

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 15

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

good faith is derivative, in that it applies to the performance of specific contract obligations.  If there is no contractual duty, there is nothing that must be performed in good faith.") (citations omitted).  It requires only that the parties perform in good faith the obligations imposed by their agreement.  *Barrett v. Weyerhaeuser Co. Severance Pay Plan*, 40 Wn. App. 630, 635 n.6, 700 P.2d 338 (1985).  There is no "free-floating" duty of good faith and fair dealing, unattached to an existing contract.  Rather, the duty exists, if at all, only in relation to performance of a specific contract term.  *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177, 94 P.3d 945 (2004).

But plaintiff has failed to allege any contractual term agreed to by the parties that Wells Fargo breached.  Even if there were such a contractual term (there is not), Wells Fargo's statement in its May 31, 2017 response that it was in the process of conducting a reconciliation demonstrates that it would have complied with such a requirement.  Although plaintiff takes Wells Fargo to task for not amending its response based on its reconciliation, Wells Fargo was under no obligation to do so once its reconciliation failed to reveal any necessary corrections.  Because plaintiff has not identified any contractual duty breached by Wells Fargo, the Court should dismiss this claim.

### 4.   *To the extent they are based on Wells Fargo's responses to plaintiff's inquiries, plaintiff's negligence claims fail to state a claim.*

To the extent that plaintiff attempts to bases any claim on post-bankruptcy communications, Dkt. No. 19, ¶¶ 127, 132, plaintiff's cursory assertions are insufficient to sustain a claim.  For instance, plaintiff admits that to sustain a misrepresentation claim, he would need to plead facts, *inter alia*, that Wells Fargo "negligently suppl[ied] false information for the guidance of others in their business transactions, and the plaintiff justifiably relies on such information to his detriment."  *Id*. ¶ 123.  But plaintiff makes no allegation that Wells

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 16

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Fargo's post-bankruptcy communications with plaintiff contained "false information," let alone that plaintiff detrimentally relied on any such information.  Indeed, plaintiff quotes at length from Wells Fargo's communications and relies on their *truthfulness* in an attempt to plead his claims.  *Id*. ¶¶ 68-70.

As for his negligence claim, plaintiff fails to allege that Wells Fargo owed any duty to plaintiff, much less any facts as to how Wells Fargo breached that duty in its post-bankruptcy communications.  Although plaintiff generally references a "duty of care," that generalized duty does not speak of a timeframe within which Wells Fargo must respond to plaintiff's inquiries. In fact, as is clear from the complaint, Wells Fargo repeatedly assured plaintiff that it had received and was investigating the numerous inquiries plaintiff had submitted.  Far from demonstrating negligence, plaintiff's own assertions make clear that Wells Fargo was diligently assisting plaintiff, which resulted in the thorough response plaintiff ultimately received.

### 5. *Plaintiff's outrage claim fails as a matter of law.*

As plaintiff concedes, to sustain a claim of outrage, the alleged conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Complaint (Dkt. No. 1) ¶ 106; *see also Dodge v. Evergreen School District*, No. C20-5224JLR, 2021 WL 135880, at *9 (W.D. Wash. Jan. 13, 2021) (noting that there "is a stringent standard for outrageousness").  As discussed above, and as established by plaintiff's own allegations, Wells Fargo promptly and frequently communicated with plaintiff regarding his inquiries that form the supposed basis for his outrage claim.  Notably, plaintiff does *not* allege Wells Fargo's ultimate responses was incomplete.  Because, as a matter of law, Wells Fargo's communication complied with its obligations, they cannot form the basis of an outrage claim.  *See Reyes v. Yakima Health District*, 191 Wn.2d 79, 92, 419 P.3d 819 (2018) (conduct not outrageous as a

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 17

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

matter of law where it was not even wrongful).  Nor it is outrageous—or wrongful—as a matter of law for Wells Fargo to declare plaintiff's loan in default and begin foreclosure proceedings when, as plaintiff admits, the loan was in fact in default.  *See Jackson v. Peoples Fed. Credit Union*, 25 Wn. App. 81, 89-90, 604 P.2d 1025 (1979) (tort of outrage claim should have been dismissed where creditor only exercised its right to repossess collateral securing defaulted loan).  Because Wells Fargo's actions, as alleged in the Amended Complaint, do not constitute outrage as established by the governing jurisprudence, the Court should dismiss the claim.

## IV.    CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court dismiss all of plaintiff's claims with prejudice and without leave to amend.

Dated: May 7, 2021.

Respectfully submitted,

K&L GATES LLP


By */s/ Peter A. Talevich*
Peter A. Talevich, WSBA #42644
Raina V. Wagner, WSBA # 45701
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Phone:  (206) 623-7580
Fax:  (206) 623-7022
Email:  peter.talevich@klgates.com
           raina.wagner@klgates.com

Andrew C. Glass (*pro hac vice*)
Gregory N. Blase (*pro hac vice*)
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Phone:  (617) 261-3100
Fax:  (617) 261-3175

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 18

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

2

Emails: andrew.glass@klgates.com
gregory.blase@klgates.com

3

*Attorneys for Defendant Wells Fargo Bank, N.A.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 19

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I certify that on May 7, 2021, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

V. Omar Barraza
BARRAZA LAW FIRM, PLLC
10728 16th Ave. SW
Seattle, WA  98146
Tel:  (206) 933-7861
Fax: (206) 933-7863
omar@barrazalaw.com

*Attorneys for Plaintiff*

Christina L. Henry
HENRY & DEGRAAFF, P.S.
787 Maynard Ave. S.
Seattle, WA 98104
Tel:  (206) 330-0595
Fax: (206) 400-7609
chenry@hdm-legal.com

*Attorneys for Plaintiff*

DATED:  May 7, 2021 in Seattle, WA.

s/ Peter A. Talevich
Peter A. Talevich, WSBA #42644

MOTION TO DISMISS
AMENDED COMPLAINT BY
WELLS FARGO BANK, N.A. - 20

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022