# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>**Julian Flores**<br><br><br>Debtor(s). | Case No. **11-20512**<br><br>CHAPTER 13 PLAN<br><br>__ Original        **X**  AMENDED<br><br>Date:   **February 14, 2012** |

**I.    Introduction:**
A. Debtor is eligible for a discharge under 11 USC § 1328(f) (check one):
_**X**_   Yes
_____  No
B. Means Test Result.  Debtor is (check one):
_____   a below median income debtor
_____   an above median income debtor with positive monthly disposable income
_**X**_   an above median income debtor with negative monthly disposable income

**1I.   Plan Payments:**
No later than 30 days after the filing of the plan or the order for relief, whichever date is earlier, the debtor will commence making payments to the Trustee as follows:
A. AMOUNT: **$650.00 Monthly  for 3 months, $1950 for 57  months**
B. FREQUENCY (check one):
_**X**_   Monthly
_____  Twice per month
_____  Every two weeks
_____  Weekly
C. TAX REFUNDS: Debtor (check one):  __ COMMITS; **X**  DOES NOT COMMIT; all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.
D. PAYMENTS: Plan payments shall be deducted from the debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
E. OTHER:

**III.  Plan Duration:**
The intended length of the plan is _**60**_ months, and may be extended up to 60 months after the first payment is due if necessary for completion. The plan's length shall not be less than the debtor's applicable commitment period as defined under 11 U.S.C. §§ 1322(d) and 1325(b)(4).

**IV.  Distribution of Plan Payments:**
Upon confirmation, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, PROVIDED THAT disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:
A. ADMINISTRATIVE EXPENSES:
   1. Trustee.  The percentage set pursuant to 28 USC §586(e).
   2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
   3. Attorney's Fees:  Pre-confirmation attorney fees and costs shall not exceed $ _**3,500.00**_ .  $ _**3,226.00**_  was paid prior to filing. To the extent pre-confirmation fees and costs exceed $3,500, an appropriate application, including a complete breakdown of time and costs, shall be filed with the Court within 21 days of confirmation.
   Approved pre-confirmation fees shall be paid as follows (check one):
      a. _**X**_ Prior to all creditors;
      b. ___ Monthly payments of $___;
      c. ___ All remaining funds available after designated monthly payments to the following creditors: ___.
      d. ___ Other: ___
      If no selection is made, fees will be paid after monthly payments specified in Paragraphs IV. B and IV. C.

[Local Bankruptcy Form 13-4]

B.  CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order are as follows (if left blank, no payments shall be made by the Trustee):

| Creditor | Monthly amount |
|---|---|
| -NONE- | $ |

C.  SECURED CLAIMS:  Payments will be made to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than creditors holing long term obligations secured only by a security interest in real property that is the debtor's principal residence, will be paid the principal amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest on that amount from the petition filing date.

Interest rate and monthly payment in the plan control unless a creditor timely files an objection to confirmation. If a creditor timely files a proof of claim for an interest rate lower than that proposed in the plan, the claim shall be paid at the lower rate. Value of collateral stated in the proof of claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law.

**Only creditors holding allowed secured claims specified below will receive payment from the Trustee.** If the interest rate is left blank, the applicable interest rate shall be 12%. If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

1. Continuing Payments on Claims Secured Only by Security Interest in Debtor's Principal Residence (Interest included in payments at contract rate, if applicable): **SEE SECTIONS VII and XII FOR SPECIFIC TERMS**

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|---|---|---|---|---|
| 1 | Wells Fargo | First Mortgage | 30845 10th Ave SW, Federal Way WA 98023 | 1274.67 |

2. Continuing Payments on Claims Secured by Other Real Property (Per annum interest as set forth below): **SEE SECTIONS VII and XII FOR SPECIFIC TERMS**

| Rank | Creditor | Nature of Debt | Property | Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

3. Cure Payments on Mortgage/Deed of Trust/Property Tax Arrearage (If there is a property tax arrearage, also provide for postpetition property tax holding account at Section XII):

| Rank | Periodic Payment | Creditor | Property | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| 2 | 77.20 | Wells Fargo | 30845 10th Ave SW, Federal Way WA 98023 | 4631.77 | 0 % |

4. Payments on Claims Secured by Personal Property:

   a.  **910 Collateral.**

The Trustee shall pay the contract balance as stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the petition or in other personal property acquired within **one year** preceding the filing date of the petition as follows. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|
|  | $ | -NONE- |  | $ | % |

[Local Bankruptcy Form 13-4]

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

   b.   **Non-910 Collateral.**
The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise ordered following timely objection to the claim, for a purchase-money security interest in personal property which is non-910 collateral. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|------|------------------------|----------|-------------------------------|---------------------------|----------------------------------------------|---------------|
| 1 | $ 350.00 | Chase Manhattan | $ 4,400.00 | 2002 Ford F150 with 88,000 miles Value based on Kelley Blue Book | $ 350.00 | 5 % |
| 2 | $ 100 | Ally Financial | $ 16,450.00 | 2008 Chevy Cargo Van with 33,000 miles, used in business. Value based on Kelley Blue Book | $ 100 | 5 % |

   D.  PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

   E.  NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

   1. Specially Classified Nonpriority Unsecured Claims. The Trustee shall pay the following claims prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage to be Paid | Reason for Special Classification |
|------|----------|-----------------|-----------------------|-----------------------------------|
|  | -NONE- | $ | % |  |

   2. Other Nonpriority Unsecured Claims (check one):
      a.   __X*__  100% paid to allowed nonpriority unsecured claims. **OR**
      b.   ____  Debtor shall pay at least $__0__ to allowed nonpriority unsecured claims over the term of the plan. Debtor estimates that such creditors will receive approximately __37__ % of their allowed claims.

**V.  Secured Property Surrendered:**
   The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this section are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|----------|----------------------------|
| Saxon Mortgage Service | 1410 S 282nd Pl, Federal Way WA 98003 |
| Saxon Mtg | 1410 S 282nd Pl, Federal Way WA 98003 |
| Chase | 30414 1st Pl S, Federal Way WA 98003 |
| Bank of America | 30414 1st Pl S, Federal Way WA 98003 |

**VI. Executory Contracts and Leases:**
   The debtor will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the debtor under Section VII, unless otherwise specified in Section XII with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the debtor shall surrender any collateral or leased property and any duly filed and allowed

[Local Bankruptcy Form 13-4]

unsecured claim for damages shall be paid under Section IV.E.2.

| Contract/Lease | Assumed or Rejected |
|---|---|
| -NONE- | |

**VII. Payments to be made by Debtor and not by the Trustee:**
The following claims shall be paid directly by the debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party)

A.   DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the debtor as follows:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| DSHS | $                            200 | $                            0 |

B.   OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| | | | |

**VIII.     Revestment of Property:**
Unless otherwise provided in Section XII, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the debtor, except that earnings and income necessary to complete the terms of the plan shall remain vested in the Trustee until discharge. The debtor shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed Plan.

**IX.  Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**
The liquidation value of the estate is $ **0.00** . In order to obtain a discharge, the debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less.  Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of __ % per annum from the petition filing date (no interest shall be paid if left blank).

**X.   Other Plan Provisions:**
A. No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due.
B. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.
C. If a secured creditor elects to charge debtor any fee, expense or cost permitted under the contract, the creditor shall give written notice to the debtor and debtor's counsel within 30 days of the assessment.
D. Mortgage creditors shall notify the Trustee, debtor and debtor's counsel within 60 days of any change in the regular monthly payment (including the escrow account, if applicable).
E. Provision by secured creditors or their agents or attorneys of any of the notices, statements or other information provided in this section shall not be a violation of the 11 USC § 362 automatic stay or of privacy laws.

[Local Bankruptcy Form 13-4]

## XI. Certification:

A. The debtor certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of plan confirmation pursuant to 11 USC § 1325(a)(8).

B. By signing this plan, the debtor and counsel representing the debtor certify that this plan does not alter the provisions of Local Bankruptcy Form 13-4, except as provided in Section XII below. Any revisions to the form plan not set forth in Section XII shall not be effective.

## XII. Additional Case-Specific Provisions: (must be separately numbered)

**1.  Debtor are attempting a short-sale on the property located at 1410 S 282nd Pl, Federal Way WA 98003.  If no short sale is approved by April 1, 2012, Debtor intends to surrender the property.  Upon confirmation, the automatic stay will lift as to this property, so long as no foreclosure sale may occur prior to April 1, 2012.**

**2.  Debtor's family members live in the property located at 30414 1st Place S, Federal Way WA 98003.  Debtor is listing the property as surrendered, although the family members will continue to make payments on the first mortgage.**

**3.  Despite listing the property as surrendered, Debtor will file an adversary proceeding to strip off the second, wholly unsecured lien on the property located at 30414 1st Place S, Federal Way WA 98003.**

**4.  Debtor is unable to pay the amount required by the Means Test because rental income included in that calculation has been discontinued.**

**5.  Debtor's counsel shall not seek attorney's fees related to lien stripping or litigation involving the property at 30414 1st Place S, Federal Way, in order to avoid prejudice to creditors.**

| /s/ Clayton Cook-Mowery | /s/ Julian Flores | xxx-xx-6647 | February 14, 2012 |
|---|---|---|---|
| **Clayton Cook-Mowery 41110** | **Julian Flores** | Last 4 digits SS# | Date |
| Attorney for Debtor(s) | DEBTOR | | |
| **February 14, 2012** | | | |
| Date | DEBTOR | Last 4 digits SS# | Date |

[Local Bankruptcy Form 13-4]

# EXHIBIT B

## ECF 045

**ORDER** Confirming Chapter 13 Plan.

The debtor(s) chapter 13 plan (Related document 43 ) has been recommended for confirmation by the Chapter 13 Trustee, satisfies the requirements of 11 U.S.C. section 1325, and is hereby confirmed according to the terms and conditions set forth therein. It is further ordered that:

(1) the debtors shall incur no additional debt except after obtaining prior Trustee permission pursuant to LBR 3015-2 or prior Court permission;

(2) the debtors shall inform the Trustee of any change in circumstances or receipt of additional income, shall comply with the Trustee's requests for financial information and shall timely file required tax returns during the life of the plan;

(3) the Trustee shall charge the percentage fee as periodically set pursuant to 28 U.S.C. section 586(e);

(4) to the extent debtors have proposed a less than 100% plan, all disposable income received by the debtors beginning on the date the first payment is due under the plan shall be applied as payments under the plan pursuant to 11 U.S.C. section 1325(b)(1)(B);

(5) nothing in this order or the confirmed plan shall restrict the Trustee from recovering on claims on avoidance actions or otherwise, including claims pursuant to 11 U.S.C. sections 544, 547, 548, 550 and/or 551 and the estate retains the right and standing to pursue all claims under the previously enumerated sections; and,

(6) all property of the debtors and the estate shall remain under the exclusive jurisdiction of the Court and the debtors shall not, without specific prior approval of the Court, lease, sell, transfer, encumber or otherwise dispose of such property.

**Hereby ordered by Judge Timothy W Dore.**

*This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.* (Entered: 03/23/2012)

# EXHIBIT C

**RCO Legal, P.S.**
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
James K. Miersma, WSBA# 22062
Phone: 425-586-1948
Fax: 425-283-5948
jmiersma@rcolegal.com

Honorable Judge Timothy W Dore
Hearing Location: Seattle
Hearing Date: April 19, 2017
Hearing Time: 9:30 a.m.
Response Date: April 12, 2017

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>JULIAN FLORES AKA JULIAN FLORES SANCHEZ<br><br><br><br><br>Debtor. | **CHAPTER 13 BANKRUPTCY**<br><br>**NO.: 11-20512-TWD**<br><br>**MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION**<br>**BY ALLY FINANCIAL, INC.** |

Ally Financial, Inc. ("Creditor") moves the Court for an order terminating the automatic stay and co-debtor stay pursuant to 11 U.S.C. Section 362(d) to permit it to take any and all actions necessary to sell the following described personal property and apply the proceeds to Creditor debt: 2008 Chevrolet Express CA VIN#: 1GCGG29C581180889. Creditor also moves the Court that enforcement of this order not be stayed for fourteen (14) days pursuant to F.R.B.P 4001(a)(3).

The Debtor and Codebtor Sara Valdavinos purchased a 2008 Chevrolet Express CA VIN#: 1GCGG29C581180889 (the "Vehicle"), under the Retail Installment Contract dated August 4, 2008 attached as Exhibit A to the declaration on file with the court.

Creditor has a valid and perfected security interest in the Vehicle as shown on Exhibit B to the declaration on file with the court.

Motion For Relief From Stay
Page - 1

Under the terms of the Amended Chapter 13 Plan filed February 14, 2012, the monthly payments are currently $100.00. The trustee ledgers show that the interest due is $317.39 as of March 24, 2017. The last payment disbursed to Creditor was on June 30, 2016.

It is not known what, if any, equity there is in the Vehicle since Creditor has not had the opportunity to inspect the Vehicle and does not have information on the Vehicle's condition. The outstanding balance due to Creditor is $13,694.72.

Creditor moves for relief based on the grounds that (1) the Debtor is delinquent on contract payments; (2) the interest of Creditor in the Vehicle is not adequately protected and (3) it is not necessary for an effective reorganization.

THEREFORE, Creditor requests this Court enter an order terminating the automatic stay so that Creditor may be allowed to take any and all actions necessary to sell the Vehicle and apply the proceeds to the balance owing to Creditor.


DATED this ___29th_____ day of _March_____, 2017.

**RCO LEGAL, P.S.**


  _/s/ James K. Miersma_____
James K. Miersma, WSBA# 22062
Attorney for Creditor

Motion For Relief From Stay
Page - 2

**RCO LEGAL, P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 11-20512-TWD   Doc 77   Filed 03/30/17   Ent. 03/30/17 09:49:10   Pg. 2 of 2

**RCO Legal, P.S.**

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
James K. Miersma, WSBA# 22062
Phone: 425-586-1948
Fax: 425-283-5948
jmiersma@rcolegal.com

Honorable Judge Timothy W Dore
Hearing Location: Seattle
Hearing Date: April 19, 2017
Hearing Time: 9:30 a.m.
Response Date: April 12, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | **CHAPTER 13 BANKRUPTCY** |
| JULIAN FLORES AKA JULIAN FLORES SANCHEZ | **NO.:  11-20512-TWD** |
| | **NOTICE OF MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY BY ALLY FINANCIAL, INC.** |
| Debtor. | |

PLEASE TAKE NOTICE THAT Ally Financial, Inc., a secured creditor, will bring before the above **Court located at 700 Stewart Street, Courtroom 8106, Seattle, WA 98101**, at the above time, a motion for relief from the automatic stay and co-debtor stay pursuant to 11 U.S.C. §§ 362, 1301 regarding the subject property:  2008 Chevrolet Express CA VIN#: 1GCGG29C581180889.

THE HEARING IS SET AS FOLLOWS:
  Judge:  Timothy W Dore           Time:  9:30 a.m.
  Place: Seattle                   Date:  April 19, 2017

IF YOU OPPOSE the Motion, you must file your written response with the Court Clerk, serve two copies on the Judge's chambers, and deliver copies to the undersigned NOT LATER THAN the RESPONSE DATE, which is April 12, 2017.

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING, WITHOUT FURTHER NOTICE, and strike the hearing.

Questions or concerns about this motion should first be directed to your attorney as the moving party's attorney's ability to assist you may be limited by the rules of professional conduct.

DATED this __29th____ day of _March_____, 2017.

**RCO LEGAL, P.S.**

By: _/s/ James K. Miersma____
James K. Miersma, WSBA# 22062
Attorney for Creditor

**RCO LEGAL, P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

1
2
3
4
5
6
7
8
9

**RCO Legal, P.S.**

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
James K. Miersma, WSBA# 22062
Phone: 425-586-1948
Fax: 425-283-5948
jmiersma@rcolegal.com

Honorable Judge Timothy W Dore
Hearing Location: Seattle
Hearing Date: April 19, 2017
Hearing Time: 9:30 a.m.
Response Date: April 12, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| IN RE: | **CHAPTER 13 BANKRUPTCY** |
|---|---|
| JULIAN FLORES AKA JULIAN FLORES SANCHEZ | **NO.:  11-20512-TWD** |
| | *PROPOSED* **ORDER GRANTING RELIEF FROM STAY AND CO-DEBTOR STAY BY ALLY FINANCIAL, INC.** |
| Debtor. | |

This matter came before the Court upon Ally Financial, Inc. motion for relief from stay and co-debtor stay.  The Court considered the motion and any opposition thereto and the matters on record.  It appears for the reasons stated in the motion that the stay should be lifted as to the 2008 Chevrolet Express CA VIN#: 1GCGG29C581180889 ("Vehicle").

Proposed Order Granting Relief From Stay
Page 1

**R C O   L E G A L ,   P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121  ◆  FACSIMILE (425) 458-2131

Case 11-20512-TWD    Doc 77-2    Filed 03/30/17    Ent. 03/30/17 09:49:10    Pg. 1 of 2

IT IS THEREFORE ORDERED that pursuant to 11 U.S.C. §§ 362(d), the automatic stay and any co-debtor stay is terminated as to Ally Financial, Inc., its successors and assigns, so that it may pursue its state remedies to enforce its security interest in the Vehicle and/or as to enforcement of the Retail Installment Contract that is the subject of Ally Financial, Inc.'s motion.

IT IS FURTHER ORDERED that the order shall be effective immediately notwithstanding the provisions of F.R.B.P. 4001(a)(3) and that the order shall be effective as to any chapter under which the present case may be converted absent further order of this Court.

/ / / End of Order / / /

Presented By:

_____
James K. Miersma, WSBA# 22062
Attorney for Creditor

Proposed Order Granting Relief From Stay
Page 2

**RCO LEGAL, P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

**RCO Legal, P.S.**
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
James K. Miersma, WSBA# 22062
Phone: 425-586-1948
Fax: 425-283-5948
jmiersma@rcolegal.com

Honorable Judge Timothy W Dore
Hearing Location: Seattle
Hearing Date: April 19, 2017
Hearing Time: 9:30 a.m.
Response Date: April 12, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

IN RE:

JULIAN FLORES AKA JULIAN FLORES
SANCHEZ

                                    Debtor.

**CHAPTER 13 BANKRUPTCY**

**NO.:  11-20512-TWD**

**CERTIFICATE OF MAILING**

CERTIFICATE OF MAILING

 I hereby certify under penalty of perjury of the laws of the State of Washington that I mailed a true and correct copy of the Notice of Request for Relief from Stay and Co-Debtor Stay, Motion for Relief from Stay and Co-Debtor Stay, Declaration in Support of Motion and Proposed Order Granting Relief from Stay and Co-Debtor Stay by Ally Financial, Inc., postage pre-paid, regular first class mail or via Electronic Message through Electronic Case Filing on the __30th____ day of March, 2017, to the parties listed on the attached exhibit.

 DATED this ____30th_____ day of March, 2017.

     By: _/s/ Poonsri Wallace_____
      Legal Assistant

Certificate of Mailing
Page 1

RCO LEGAL, P.S.
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

**<u>Via First Class Mail:</u>**

Julian Flores
30845 10th Ave SW
Federal Way, WA 98023

HSBC Bank USA NA
Lisa M. McMahon-Myhran
Robinson Tait PS
901 Fifth Avenue, Suite 400
Seattle, WA 98164
lmcmahon@robinsontait.com

Ocwen Loan Servicing LLC
c/o Cashiering Department
PO Box 24781
West Palm Beach, FL 33416-4781

PRA Receivables Management LLC
PO Box 41067
Norfolk, VA 23541

Real Time Resolutions, Inc
1349 Empire Central Dr., Ste #150
P.O. Box 36655
Dallas, TX 75247

Saxon Mortgage Services Inc
c/o Aldridge Connors LLP
780 Johnson Ferry Road NE #600
Atlanta, GA 30342

Wells Fargo Bank, N.A.
Angela M. Michael
Law Offices of Angela M. Michael, PLLC
3100 NW Bucklin Hill Rd, Suite 206F
Silverdale, WA 98383
angela@amichael-law.com

Wells Fargo Bank, N.A.
Casper J Rankin
Aldridge Pite, LLP

Certificate of Mailing
Page 2

R C O  L E G A L ,  P . S .
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

1

4375 Jutland Dr Ste 200, PO Box 17933
San Diego, CA 92117

2

ecfwawb@aldridgepite.com

3

**<u>Via ECF notice only:</u>**

4

5

K. Michael Fitzgerald
600 University Street #2200

6

Seattle, WA 98101
courtmail@seattlech13.com

7

8

Lisa S Tse
12207 NE 8th Street

9

Bellevue, WA 98005
lisa@advantagelegalgroup.com

10

11

US Trustee Western Washington
700 Stewart Street Ste 5103 /

12

Seattle, WA 98101

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Certificate of Mailing
Page 3

**RCO Legal, P.S.**
13555 SE 36th St., Suite 300
Bellevue, WA 98006
Telephone (425) 458-2121 ⬩ Facsimile (425) 458-2131

# EXHIBIT D

Judge: Timothy W. Dore
Chapter: 13
Hearing Date: April 19, 2017
Hearing Location:
     US Bankruptcy Court
     700 Stewart Street
     Courtroom 8106
     Seattle WA 98101
Time: 9:30AM

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>JULIAN FLORES,<br><br><div align="center">Debtor.</div> | CHAPTER 13 PROCEEDING<br>NO. 11-20512-TWD<br><br>DEBTOR'S RESPONSE TO CREDITOR'S<br>MOTION FOR RELIEF FROM STAY AND<br>CO-DEBTOR STAY RE: 2007 CHEVROLET<br>EXPRESS CA |

       Debtor, Julian Flores, by and through his attorney, Lisa S. Tse, hereby replies to the Creditor's

Motion for Relief from Stay and Co-Debtor Stay re: 2007 Chevrolet Express CA.  In support thereof,

Debtor states the following:

      1.    The plan filed on February 14, 2012 appears to provide Ally Financial $100 monthly for

            a 2008 Chevrolet Cargo Van, presumably the abovementioned 2007 Chevrolet Express

            CA.  Debtor listed the value of the collateral at $16,450 with an amount owing to Ally

            Financial of $15,294.49 as listed on the schedules.

Debtor's Response to Motion for Relief of
Stay - 1

**ADVANTAGE LEGAL GROUP**
**12207 NE 8ᵀᴴ STREET**
**BELLEVUE, WA 98005**
**Tel: 425-452-9797**
**Facsimile: 425-440-7681**

2.   This appears to be a 100% payment to unsecured creditors, though there appears to be an asterisk indicating that Debtor is unable to pay unsecured creditors at 100% as indicated in XII.4.

3.   Debtor's plan is nearing completion without the payment to Ally Financial in full. Debtor cannot make full payment of the vehicle within a couple of months for the large amount owed. Debtor is requesting that if his Chapter 13 Plan cannot remain open, he wishes to make payments to Ally Financial for the vehicle.

WHEREFORE, Debtor respectfully requests the Court to deny the creditor's Motion for Relief of Stay.

DATED, this 12th day of April, 2017.

/s/ Lisa S. Tse
**Attorney for Debtor**
Lisa S. Tse WSBA #43689
Advantage Legal Group
12207 NE 8th Street
Bellevue WA 98005
Tel: (425) 452-9797
Fax: (425) 440-7681
lisa@advantagelegalgroup.com

Debtor's Response to Motion for Relief of Stay - 2

**ADVANTAGE LEGAL GROUP**
**12207 NE 8TH STREET**
**BELLEVUE, WA 98005**
**Tel: 425-452-9797**
**Facsimile: 425-440-7681**

1
2
3
4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

5
6
7
8
9

In Re:

JULIAN FLORES**,**

                                    Debtor.

CHAPTER 13 PROCEEDING
NO. 11-20512-TWD

CERTIFICATE OF SERVICE

10
11

<u>CERTIFICATE OF SERVICE</u>

12
13
14

I certify that on April 12, 2017, service of the above and foregoing **DEBTOR'S RESPONSE TO CREDITOR'S MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY RE: 2007 CHEVROLET EXPRESS CA** has been served upon the party below  either electronically or by depositing the same in the United States mail and with sufficient first class postage affixed.

15
16
17
18
19
20

/s/ Lisa S. Tse_____
***Attorney for Debtor***
Lisa S. Tse WSBA #43689
Advantage Legal Group
12207 NE 8th Street
Bellevue, WA 98005
Tel: (425) 452-9797
 Fax: (425) 440-7681
lisa@advantagelegalgroup.com

21

VIA ECF:

22
23

Clayton W Cook-Mowery on behalf of Plaintiff Julian Flores
cookmowe@gmail.com, cc@arklawgroup.com

24
25

K Michael Fitzgerald
courtmail@seattlech13.com

26
27
28

CERTIFICATE OF SERVICE - 1

Advantage Legal Group
12207 NE 8th Street
Bellevue, WA 98005
Tel: (425) 452-9797
Facsimile: (425) 440-7681

1    Lisa M. McMahon-Myhran on behalf of Creditor HSBC Bank USA NA
2    lmcmahon@robinsontait.com,
     ncarson@robinsontait.com;ssears@robinsontait.com;sjosephson@robinsontait.com
3
     Angela M. Michael on behalf of Special Request Wells Fargo Bank, N.A.
4    angela@amichael-law.com
5    James K Miersma on behalf of Creditor Ally Financial, Inc.
6    ecf@rcolegal.com, rcofilings@ecf.courtdrive.com
7    James K Miersma on behalf of Interested Party Courtesy NEF
     ecf@rcolegal.com, rcofilings@ecf.courtdrive.com
8
     Casper J Rankin on behalf of Special Request Wells Fargo Bank, N.A.
9    ecfwawb@aldridgepite.com, crankin@piteduncan.com;CJR@ecf.inforuptcy.com
10
     Jonathan S Smith on behalf of Debtor Julian Flores
11   jonathan@advantagelegalgroup.com,
     lisa@advantagelegalgroup.com;1936129420@filings.docketbird.com
12
13   Lisa S Tse on behalf of Debtor Julian Flores
     lisa@advantagelegalgroup.com, 1936129420@filings.docketbird.com
14
15   United States Trustee
     USTPRegion18.SE.ECF@usdoj.gov
16
     USPS:
17
18   Julian Flores
     30845 10th Ave SW
19   Federal Way, WA 98023

20

21

22

23

24

25

26   CERTIFICATE OF SERVICE - 2                    ADVANTAGE LEGAL GROUP
                                                   12207 NE 8TH STREET
27                                                 BELLEVUE, WA 98005
                                                   Tel: (425) 452-9797
28                                                 Facsimile: (425) 440-7681

# EXHIBIT E

Judge: Timothy W. Dore
Chapter: 13
Hearing Date: May 17, 2017
Hearing Time:  9:30 am
Hearing Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle,WA 98101
Response Date: May 10, 2017

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JULIAN FLORES,
30845 10th Ave SW
Federal Way, WA 98023-4501

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 11-20512

NOTICE OF TRUSTEE'S MOTION TO
DISMISS CASE AND HEARING

PLEASE TAKE NOTICE that the Trustee's Motion to Dismiss Case IS SET FOR HEARING as follow:

Judge: Timothy W. Dore
Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle,WA 98101

Date: May 17, 2017

Time:  9:30 am

IF YOU OPPOSE this motion, you must file your written response with the Court Clerk NOT LATER THAN THE RESPONSE DATE, which is May 10, 2017.

IF NO RESPONSE IS TIMELY FILED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

Dated: April 17, 2017

/s/K. Michael Fitzgerald
K. Michael Fitzgerald
Chapter 13 Trustee
WSBA# 8115

Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle,WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

CM094   NOTICE OF TRUSTEE'S MOTION TO DISMISS CASE AND HEARING

Judge: Timothy W. Dore
Chapter: 13
Hearing Date: May 17, 2017
Hearing Time:  9:30 am
Hearing Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle,WA 98101
Response Date: May 10, 2017

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JULIAN FLORES,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 11-20512

TRUSTEE'S MOTION
TO DISMISS CASE

The Trustee moves to dismiss this case pursuant to 11 U.S.C. § 1307(c):

The plan exceeds 60 months and is not yet completed.

THE TRUSTEE REQUESTS that the Court dismiss this case.

Dated: April 17, 2017

/s/ K. Michael Fitzgerald
K. Michael Fitzgerald
Chapter 13 Trustee
WSBA #8115

Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle,WA 98101
(206) 624-5124 Fax:(206) 624-5282
www.seattlech13.com

Dated:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| In Re: | IN CHAPTER 13 PROCEEDING |
|---|---|
| JULIAN FLORES, | NO. 11-20512 |
| | Proposed |
| | ORDER DISMISSING CASE |
| Debtor. | |

THIS MATTER having come before the Court on the Chapter 13 Trustee's Motion to Dismiss Case,

and the Court having reviewed and considered the motion, records and files in this case, it is

ORDERED that this case is dismissed.

/ / /End of Order/ / /

Presented by:

*/s/K. Michael Fitzgerald*
K. Michael Fitzgerald, WSBA# 8115
Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle,WA 98101
(206) 624-5124

CM095    ORDER DISMISSING CASE

# EXHIBIT F

Entered on Docket April 18, 2017

**Below is the Order of the Court.**



**Timothy W. Dore**
**U.S. Bankruptcy Court**
(Dated as of Entered on Docket date above)

1

2

3

4

5

6

_____

7

8

9

**R C O  L E G A L ,  P . S .**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE    (425) 458-2121
FACSIMILE    (425) 458-2131

10

11

12

Honorable Judge Timothy W Dore
Chapter 13
Hearing Location: Seattle
Hearing Date: April 19, 2017
Hearing Time: 9:30 am
Response Date: April 12, 2017

13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

14

15

IN RE:

16

JULIAN FLORES AKA JULIAN FLORES
SANCHEZ

17

18

19

Debtor.

**CHAPTER 13 BANKRUPTCY**

**NO.:  11-20512-TWD**

**ORDER GRANTING RELIEF FROM
STAY AND CO-DEBTOR STAY TO ALLY
FINANCIAL, INC.**

20

21

22

23

    This matter came before the Court upon Ally Financial, Inc. motion for relief from stay and
Co-Debtor Stay.  The Court considered the motion and any opposition thereto and the matters on
record.  It appears for the reasons stated in the motion that the stay should be lifted as to the 2008
Chevrolet Express CA VIN#: 1GCGG29C581180889 ("Vehicle").

24

25

    IT IS THEREFORE ORDERED that pursuant to 11 U.S.C. §§ 362(d), the automatic stay and
any co-debtor stay is terminated as to Ally Financial, Inc., its successors and assigns, so that it may

26

Order Granting Relief From Stay
Page - 1

**R C O  L E G A L ,  P . S .**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121  ◆  FACSIMILE (425) 458-2131

Case 11-20512-TWD    Doc 85    Filed 04/18/17    Ent. 04/18/17 12:37:53    Pg. 1 of 2

pursue its state remedies to enforce its security interest in the Vehicle and/or as to enforcement of the Retail Installment Contract that is the subject of Ally Financial, Inc.'s motion.

IT IS FURTHER ORDERED that the order shall be effective immediately notwithstanding the provisions of F.R.B.P 4001(a)(3) and that the order shall be effective as to any chapter under which the present case may be converted absent further order of this court.

/ / / End of Order / / /

Presented By:

  /s/ James K. Miersma
James K. Miersma, WSBA# 22062
Attorney for Creditor

Order Granting Relief From Stay
Page - 2

# EXHIBIT G

Judge: Timothy W. Dore
Chapter: 13
Hearing Date: December 06, 2017
Hearing Time: 9:30 am
Hearing Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle,WA 98101
Response Date: November 29, 2017

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JULIAN FLORES,
30845 10th Ave SW
Federal Way, WA 98023-4501

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 11-20512

NOTICE OF TRUSTEE'S MOTION TO
DISMISS CASE AND HEARING

PLEASE TAKE NOTICE that the Trustee's Motion to Dismiss Case IS SET FOR HEARING as follow:

Judge: Timothy W. Dore
Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle,WA 98101

Date: December 06, 2017

Time: 9:30 am

IF YOU OPPOSE this motion, you must file your written response with the Court Clerk NOT

LATER THAN THE RESPONSE DATE, which is November 29, 2017.

IF NO RESPONSE IS TIMELY FILED, the Court may, in its discretion, GRANT THE MOTION

PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

Dated: September 18, 2017

*/s/K. Michael Fitzgerald*
K. Michael Fitzgerald
Chapter 13 Trustee
WSBA# 8115

Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle,WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

CM094    NOTICE OF TRUSTEE'S MOTION TO DISMISS CASE AND HEARING

Judge: Timothy W. Dore
Chapter: 13
Hearing Date: December 06, 2017
Hearing Time:  9:30 am
Hearing Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle, WA 98101
Response Date: November 29, 2017

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>JULIAN FLORES,<br><br><div align=right>Debtor.</div> | IN CHAPTER 13 PROCEEDING NO. 11-20512<br><br>TRUSTEE'S MOTION TO DISMISS CASE |

The Trustee moves to dismiss this case pursuant to 11 U.S.C. § 1307(c):

The plan exceeds 60 months and is not yet completed.

THE TRUSTEE REQUESTS that the Court dismiss this case.

Dated: September 18, 2017

/s/ K. Michael Fitzgerald
K. Michael Fitzgerald
Chapter 13 Trustee
WSBA #8115

Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle, WA 98101
(206) 624-5124 Fax:(206) 624-5282
www.seattlech13.com

Dated:

1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

10

| In Re: | IN CHAPTER 13 PROCEEDING |
| | NO. 11-20512 |
| JULIAN FLORES, | |
| | Proposed |
| | ORDER DISMISSING CASE |
| Debtor. | |

11

12

13

14   THIS MATTER having come before the Court on the Chapter 13 Trustee's Motion to Dismiss Case,

15   and the Court having reviewed and considered the motion, records and files in this case, it is

16   ORDERED that this case is dismissed.

17                                    / / /End of Order/ / /

18

19

20

Presented by:

21   */s/K. Michael Fitzgerald*
     K. Michael Fitzgerald, WSBA# 8115

22   Chapter 13 Bankruptcy Trustee
     600 University St. #2200

23   Seattle,WA 98101
     (206) 624-5124

CM095   ORDER DISMISSING CASE

# EXHIBIT H

Entered on Docket December 1, 2017

**Below is the Order of the Court.**

_____

**Timothy W. Dore**
**U.S. Bankruptcy Court**
(Dated as of Entered on Docket date above)

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| In Re: | IN CHAPTER 13 PROCEEDING |
| | NO. 11-20512 |
| JULIAN FLORES, | |
| | ORDER DISMISSING CASE |
| Debtor. | |

THIS MATTER having come before the Court on the Chapter 13 Trustee's Motion to Dismiss Case,

and the Court having reviewed and considered the motion, records and files in this case, it is

ORDERED that this case is dismissed.

/ / /End of Order/ / /

Presented by:

*/s/K. Michael Fitzgerald*
K. Michael Fitzgerald, WSBA# 8115
Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle,WA 98101
(206) 624-5124