The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Julian Flores aka Julian Flores Sanchez, | No. 2:21-cv-00006-RSL |
| Plaintiff, | **PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON STATE SUPREME COURT AND MOTION FOR STAY PENDING CERTIFIED QUESTIONS** |
| v. | |
| Wells Fargo Bank, N.A., | |
| Defendant. | NOTED ON MOTION CALENDAR **September 30, 2022** |

Plaintiff Julian Flores respectfully moves this court to certify the following novel and important questions of Washington State law to the Supreme Court of Washington pursuant to pursuant to the Federal Court Local Law Certificate Procedure Act for the State of Washington under RCW 2.60.020 and Washington Rule of Appellate Procedure 16.16:

> 1.     Whether emotional distress damages are plausibly recoverable under Breach of Contract and Breach of the Implied Duty of Good Faith and Fair Dealing where a mortgage servicer improperly applies and mishandles payments on a debtor's mortgage loan that foreseeably led to a deficiency on the loan that could cause sudden impoverishment or bankruptcy?

When it is necessary to ascertain the local law of the state of Washington in order to dispose of an opinion of any federal court before whom a proceeding is pending and the

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON STATE SUPREME COURT
AND MOTION FOR STAY PENDING CERTIFIED
QUESTIONS - 1

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

local law has not been clearly determined, a federal court may certify a question to the supreme court. RCW 2.60.020.

## ARGUMENT

Certification of controlling questions of state law is provided for in Local Washington Rule of Appellate Procedure 16.16: "When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." R.A.P. 16.16.

The United States Supreme Court has stated that certification of state law questions can help "save time, energy, and resources, and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Certifying a question "rests in the sound discretion of the federal court." *Id.* The Washington State Supreme Court has established procedures and criteria for the certification of questions to it from federal courts.

In the recent Order Granting in Part Defendant's Motion to Dismiss, Dkt No. 35, this court found that Julian Flores ("Flores") made plausible allegations in his filed Amended Complaint, Dkt No. 19, that Flores is entitled to emotional distress damages because Wells Fargo's conduct caused him to incur damages related to the dismissal of his bankruptcy proceeding, that led to damages, including anger, confusion, and despair that he would end of up losing his house even though Wells Fargo "screwed up his mortgage account." Dkt No. 35 at 8. His financial troubles caused by Wells Fargo's actions in his bankruptcy proceeding and for years after, plausibly caused the dismissal of his Chapter

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON STATE SUPREME COURT
AND MOTION FOR STAY PENDING CERTIFIED
QUESTIONS - 2

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

13 bankruptcy case without a discharge, and also led to a loss of trust from his loved ones who came to question his claims that Wells Fargo was at fault for his continuing financial troubles, causing him "emotional distress, rage, despair, guilt, anxiety, physical injuries, and a divorce." Dkt No. 35 at p. 2. In the context of a debtor like Flores, who began his bankruptcy case in 2011 and made 75 timely mortgage payments to Wells Fargo through the Chapter 13 Trustee totaling $140,150 under a confirmed Chapter 13 Plan for almost seven years and yet it Wells Fargo prevented him from completing the Chapter 13 Plan and obtaining a discharge because they erroneously claimed he still owed eight additional mortgage payments on his loan. Dkt. # 19 at ¶¶ 14-16. Flores also plausibly alleged that Wells Fargo's actions during the bankruptcy proceeding deprived him of the "benefits expected from his confirmed bankruptcy plan, prevented him from meeting his obligations under the reorganization plan, and ultimately resulted in the dismissal of his bankruptcy proceeding because he was not able to complete the reorganization within sixty months." Dkt. # 35 at p. 14.

In this court's recent decision, the court did not make any findings about whether Flores could obtain emotional distress damages under his Breach of Contract and Breach of the Implied Duty of Good Faith and Fair Dealing claims even though he affirmatively pled these damages in his Amended Complaint. Dkt. # 19 at ¶¶ 98, 104. While it is generally true that parties cannot recover emotional distress damages for breach of contract, there are limited exceptions. *Repin v. State*, 198 Wn.App. 243, 256 (2017). Those limited exceptions are for cases where a breach "also causes bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." Restatement (Second) of Contracts § 353. The comment explores the exception:

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON STATE SUPREME COURT
AND MOTION FOR STAY PENDING CERTIFIED
QUESTIONS - 3

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

> Common examples are contracts of carriers and innkeepers with passengers and
> guests, contracts for the carriage or proper disposition of dead bodies, and
> contracts for the delivery of messages concerning death. Breach of such a contract
> is particularly likely to cause serious emotional disturbance. Breach of other types
> of contracts, resulting for example in sudden impoverishment or bankruptcy, may
> by chance cause even more severe emotional disturbance, but, if the contract is not
> one where this was a particularly likely risk, there is no recovery for such
> disturbance.

Restatement (Second) of Contracts § 353 cmt. a. It is also true that most courts have

generally followed the majority approach that limits emotional distress damages to certain

contracts as explained below:

> In determining what damages are recoverable, the courts of this state have
> qualified the general rule, pursuant to which mental distress damages for
> breach of contract are not recoverable, with a narrow exception. Rather than
> look to the foreseeability of loss to determine the applicability of the
> exception, the courts have considered whether the contract "has elements of
> personality" and whether the "damage suffered upon the breach of the
> agreement is capable of adequate compensation by reference to the terms of
> the contract."

*Gaglidari v. Denny's Restaurants, Inc.,* 117 Wash. 2d 426, 446, 815 P.2d 1362, 1373

(1991)*(quoting Valentine v. General Am. Credit, Inc.,* 420 Mich. 256, 261–62, 362

N.W.2d 628 (1984). In the employment context, the Washington State Supreme Court

rejected the possibility of emotional distress damages for breach of employment contracts,

following the *Valentine* court, which found employment contracts to be primarily

economic and not entered into primarily to secure the protection of personal interests.

*Gaglidari*, 117 Wash. 2d at 440-41.

Although Washington State has not adopted the Restatement (Second) of Contracts

§ 353 for a breach of context for breach of loan documents that secure an obligation on a

residential home, there is no question that a home "has elements of personality" as a home

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON STATE SUPREME COURT
AND MOTION FOR STAY PENDING CERTIFIED
QUESTIONS - 4

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

has special protections in the law and is not treated as an economic investment. *See*
Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure
8(a)("[s]tays pending appeal should be the norm in mortgage . . . appeals. . . . Without a
stay, on the other hand, the typical residential borrower will suffer irreparable damage
(eviction from the home) during the appeal"); *see also Stoltz v. Grimm*, 100 Nev. 529, 689
P.2d 927, 930 (1984) (real property is "unique," and damages therefore may be an
inadequate remedy); *Baroi v. Platinum Condo. Dev., LLC*, 874 F. Supp. 2d 980, 984 (D.
Nev. 2012).

In the past, Washington Courts have recognized that emotional distress damages
were found in a contractual agreement in situations where undertakers improperly buried
an infant child, *Wright v. Beardsley,* 46 Wash. 16, 89 P. 172 (1907), where a defendant
inadvertently printed plaintiff's telephone number on its sales slips causing the plaintiff to
be harassed by telephone calls, *Brillhardt v. Ben Tipp, Inc.,* 48 Wash.2d 722, 297 P.2d 232
(1956), and where a funeral home failed to provide ashes in a burial urn and the decedent's
mother hand sifted through the ashes, mistaking them for packing material, *Corrigal v.
Ball & Dodd Funeral Home, Inc.,* 89 Wash.2d 959, 962, 577 P.2d 580 (1978). Although
none of these cases involved a mortgage on rental property, a dismissal of a bankruptcy
case, or a foreclosure on a home when the loan is allegedly current, case concerned
emotionally laden "personal interests, and emotional distress was an expected result of the
objectionable conduct in each case." *Bylsma v. Burger King Corp.,* 176 Wash. 2d 555,
560–61, 293 P.3d 1168, 1170–71 (2013). In this case, common sense tell us that the
possibility of losing a home is a personal matter and the security from a home is closely
associated with the type of exceptional damage meant by the Restatement (Second) of

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON STATE SUPREME COURT
AND MOTION FOR STAY PENDING CERTIFIED
QUESTIONS - 5

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

Contracts § 353 cmt. a when it refers to a breach that results in "sudden impoverishment or bankruptcy." In a situation where a mortgage service fails to properly apply loan payments, it is well within the scope of scope of foreseeable harmful consequences that an individual like Flores will suffer emotional distress and the court should recognize damages for such emotional distress, and thus, such damages, if proved should be recoverable under breach of contract or breach of the implied duty of good faith and fair dealing.

## **CONCLUSION**

For the reasons set forth above, the Plaintiff Julian Flores by and through his counsel requests that the Motion to Certify Questions of Law to the Washington State Supreme Court should be granted.

Respectfully submitted this 9th day of September 2022.

BARRAZA LAW, PLLC                    HENRY & DEGRAAFF, PS

*/s/ V. Omar Barraza*                     */s/ Christina L. Henry*
V. Omar Barraza, WSBA #43589         Christina L. Henry, WSBA #31273
10728 16th Avenue SW                 119 1st Ave S, Ste 500
Seattle, Washington 98146            Seattle, Washington 98104
omar@barrazalaw.com                  chenry@hdm-legal.com
Tel.: (206) 933-7861                 Tel.: (206) 330-0595
Fax.: (206) 933-7863                 Fax: (206) 400-7609

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON STATE SUPREME COURT
AND MOTION FOR STAY PENDING CERTIFIED
QUESTIONS - 6

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax