UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN FLORES, a/k/a JULIAN FLORES SANCHEZ,<br><br>                Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                Defendant. | Case No. C21-6RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY QUESTION TO THE WASHINGTON STATE SUPREME COURT |

    This matter comes before the Court on plaintiff's "Motion to Certify Questions to the Washington State Supreme Court and Motion for Stay Pending Certified Questions" (Dkt. # 38). The Court, having reviewed the submissions of the parties and the remainder of the record, denies plaintiff's motion to certify for the reasons stated herein.

**I.    Background**

    The current lawsuit centers on plaintiff's claim that defendant Wells Fargo failed to accurately record and report all payments made on a mortgage loan during plaintiff's Chapter 13 bankruptcy proceeding and unreasonably delayed reconciling the account, resulting in both economic and emotional damages to plaintiff. *See* Dkt. # 35 at 1-2; Dkt. # 19. In his amended complaint, plaintiff asserts claims of breach of contract, breach of the implied duty of good faith and fair dealing, negligent misrepresentation, negligence, conversion, outrage, and violations of

ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO THE WASHINGTON
STATE SUPREME COURT - 1

the Washington Consumer Protection Act, the Washington Equal Credit Opportunity Act, and the federal Real Estate Settlement Procedures Act. Dkt. # 19.

On May 7, 2021, defendant Wells Fargo brought a motion to dismiss, seeking dismissal of all of plaintiff's claims with prejudice. Dkt. # 22. In ruling on the motion, the Court dismissed plaintiff's negligence, negligent misrepresentation, conversion, and outrage claims (all of plaintiff's tort claims), finding they were barred by the statute of limitations. Dkt. # 35. The Court permitted plaintiff's other claims to proceed. *Id.*

Following the dismissal of his tort claims, plaintiff brought the instant motion, asking the Court to certify the following question to the Washington State Supreme Court:

> Whether emotional distress damages are plausibly recoverable under Breach of Contract and Breach of the Implied Duty of Good Faith and Fair Dealing where a mortgage servicer improperly applies and mishandles payments on a debtor's mortgage loan that foreseeably led to a deficiency on the loan that could cause sudden impoverishment or bankruptcy?

Dkt. # 38 at 1.[1]

## II.   Legal Standard

"[I]f state law permits it, [the court] may exercise [its] discretion to certify a question to the state's highest court." *Childress v. Costco Wholesale Corp.*, 978 F.3d 664, 665 (9th Cir. 2020). Pursuant to a Washington statute, a federal court may certify certain questions to the Washington Supreme Court as follows:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly

---

[1] As an initial matter, the Court notes that plaintiff misstates the Court's findings in its Order on defendant's motion to dismiss. Plaintiff states that the Court "found that Julian Flores ("Flores") made plausible allegations in his filed Amended Complaint, Dkt No. 19, that Flores is entitled to emotional distress damages." Dkt. # 38 at 2. However, the cited portions of the Order simply found that the statute of limitations barred plaintiff from bringing his tort claims. *See* Dkt. # 35 at 8. The Court did not opine on whether, had they not been barred by the statute of limitations, plaintiff's tort claims would have survived a motion to dismiss. *Id.* Additionally, while plaintiff cites to the Order for certain quoted language in his instant motion, *see* Dkt. # 38 at 2-3, the language he quotes from the Order is actually language the Court quoted from plaintiff's amended complaint. *See* Dkt. # 35 at 8 (quoting Dkt. # 19).

ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO THE WASHINGTON
STATE SUPREME COURT - 2

>determined, such federal court may certify to the supreme court for the answer to the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW § 2.60.020. The requirements put forth in this statute comport with Supreme Court opinions, which have "approved of the limited use of certified questions to state supreme courts when a federal court case involves an important question of state law which is both unclear under state legal precedent and would be determinative in the instant case." *Pai 'Ohana v. United States*, 875 F. Supp. 680 (D. Haw. 1995), *aff'd sub nom.*, *'Ohana v. United States*, 76 F.3d 280 (9th Cir. 1996) (citing *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393-98 (1988); *Bellotti v. Baird*, 428 U.S. 132, 150-52 (1976); *Lehman Bros. v. Schein*, 416 U.S. 386, 389-92 (1974); *Clay v. Sun Ins. Office*, 363 U.S. 207, 212 (1960)).

However, even if both requirements are met, "[t]he decision to certify a question to a state supreme court rests in the sound discretion of the district court." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003) (internal citations and quotation marks omitted). As the Ninth Circuit has pointed out, "the certification process" should only be invoked "after careful consideration" and the court should "not do so lightly." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). In deciding whether to exercise its discretion, the Court considers the following factors: (1) whether the question presents "important public policy ramifications" yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) "the spirit of comity and federalism." *High Country Paving, Inc. v. United Fire & Casualty Co.*, 14 F.4th 976, 978 (9th Cir. 2021) (quoting *Kremen*, 325 F.3d at 1037-38). "Additionally, a federal court may consider the timing of the certification, and whether certification will achieve savings to time, money, and resources or promote cooperative judicial federalism." *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1226 (D. Nev. 2008) (citing *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).

### III. Discussion

ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO THE WASHINGTON
STATE SUPREME COURT - 3

The Court finds that plaintiff's proposed question does not meet either of the criteria identified in RCW § 2.60.020. First, it is not clear that the proposed question would be determinative in the instant case. The Court has already found that plaintiff plausibly alleged breach of contract and breach of implied duty of good faith and fair dealing claims. *See* Dkt. # 35 at 15-16. Thus, whether plaintiff may also recover emotional distress damages for these claims is not "necessary to . . . dispose of [the] proceeding" at this stage. RCW § 2.60.020. Furthermore, it is possible that defendant will not be able to prove his contract claims, in which case the question of what damages are available will not be reached. The Court accordingly finds the motion to certify "premature as it would necessarily require the Court to assume facts regarding the substantive claims that have not yet been established." *YWS Architects, LLC v. Alon Las Vegas Resort, LLC*, No. C17-1417RFB, 2018 WL 4615983, at *5 (D. Nev. Sept. 26, 2018).

Additionally, the Court is not convinced that "local law has not been clearly determined" on this issue. RCW § 2.60.020. Where there is "sufficient state law to enable this court to make an informed decision on [the] issues[,]" certification is inappropriate. *Richardson v. City & Cnty. of Honolulu*, 802 F. Supp. 326, 344 n.30 (D. Haw. 1992), *aff'd*, 124 F.3d 1150 (9th Cir. 1997); *see also Pai 'Ohana*, 875 F. Supp. at 700 ("Questions should not be certified if the answer is reasonably clear"). Here, plaintiff acknowledges that "it is generally true that parties cannot recover emotional distress damages for breach of contract," Dkt. # 38 at 3, but argues that it is not clear that emotional distress damages would be foreclosed under the circumstances presented by his case. *See generally* Dkt. # 38.

It is true that Washington courts have recognized that an exception to the general rule barring emotional distress damages for breach of contract can arise where "the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Repin v. State*, 198 Wn. App. 243, 256 (2017) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 353 (AM. L. INST. 1981)). Relying on the Restatement, the Washington Supreme Court has made clear that when analyzing whether this narrow exception applies, courts must

ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO THE WASHINGTON
STATE SUPREME COURT - 4

look at the "type of contract." *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn. 2d 426, 443 (1991). Notably, "most courts have generally limited emotional distress damages to contracts uniquely intended to protect some personal interest or security and which are incapable of compensation by reference to the terms of the contract." *Id.* at 446. Examples of the "type of contract" that qualify under this exception include "contracts of carriers and innkeepers with passengers and guests, contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death." *Id.* (quoting RESTATEMENT (SECOND) OF CONTRACTS § 353 cmt. a (AM. L. INST. 1981)).

      Here, plaintiff's contract – a mortgage contract for a residential home – is decidedly distinct from the examples in the Restatement.[2] Furthermore, Washington courts have declined to make emotional distress damages available for breach of contract claims under circumstances much more analogous to the examples in the Restatement than the circumstances presented here. *See Repin*, 198 Wn. App. 243 (denying emotional distress damages for claim that veterinarian breached euthanasia contract when euthanizing plaintiff's dog); *Gaglidari*, 117 Wn. 2d 426 (denying emotional distress damages for breach of employment contract claim where plaintiff alleged wrongful discharge); *Hendrickson v. Tender Care Animal Hospital, Corp.*, 176 Wn. App. 757 (2013) (denying emotional distress damages where dog owner brought a breach of bailment contract claim against animal hospital that failed to accurately diagnose her dog, which later died as a result of the undiagnosed ailment).

---

[2] Further undercutting plaintiff's claim, the first illustration to the comment in the Restatement specifically addresses a contract concerning a residential home and concludes that emotional distress damages would *not* be permitted:

> A contracts to construct a house for B. A knows when the contract is made that B is in delicate health and that proper completion of the work is of great importance to him. Because of delays and departures from specifications, B suffers nervousness and emotional distress. In an action by B against A for breach of contract, the element of emotional disturbance will not be included as loss for which damages may be awarded.

RESTATEMENT (SECOND) OF CONTRACTS § 353 cmt. a, illus. 1 (AM. L. INST. 1981)).

ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO THE WASHINGTON
STATE SUPREME COURT - 5

      Plaintiff also argues that emotional distress damages should be permitted here because a mortgage contract for a residential home has "elements of personality." Dkt. # 38 at 5. However, the citations plaintiff provides do not compel this conclusion.[3] Furthermore, a review of *Valentine v. General American Credit, Inc.*, 362 N.W.2d 628 (Mich. 1986), the Michigan Supreme Court case discussed in depth by the Washington Supreme Court in *Gaglidari* and cited to for the proposition that emotional distress damages may be available for breach of contract where the contract has elements of personality, 117 Wn. 2d at 440-48, demonstrates that plaintiff's argument is far afield. In *Valentine*, the court found that although employment contracts "will often have a personal element . . . the primary purpose . . . is economic and not to secure the protection of personal interests." 362 N.W.2d at 631.  The Court concluded that "[l]oss of a job is not comparable to the loss of a marriage or a child" or loss of "personal liberty" – the circumstances under which emotional distress damages had previously been permitted for breach of contract. *Id.* Because loss of job "generally results in estimable monetary damages," the Court concluded that emotional distress damages were not recoverable. *Id.* Similarly, plaintiff here has not shown that mortgage contracts have sufficient "elements of personality" to warrant emotional distress damages.

      Finally, the cases plaintiff cites to as examples of instances where "Washington courts have recognized that emotional distress damages were found in a contractual agreement" are, in fact, all examples of *tort* cases in which Washington courts permitted "damages for emotional distress in the absence of physical injury." *Bylsma v. Burger King Corp.*, 176 Wn. 2d 555, 561 (2013); *see also Wright v. Beardsley*, 46 Wash. 16, 19 (1907) (construing breach of contract

---

[3] Plaintiff cites to Federal Rule of Civil Procedure 62(b), which discusses "Stay by Bond or Other Security" and Federal Rule of Appellate Procedure 8(a), which discusses motions for a stay. Dkt. # 38 at 5. Plaintiff also cites to two Nevada cases (one from the Nevada Supreme Court and one from the District of Nevada, neither of which are binding on this Court), which discuss the remedy of specific performance in the context of a land sales contract. *Id.* None of these sources compel a conclusion that a mortgage contract has "elements of personality" such that emotional distress damages should be available for a breach of contract claim.

ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO THE WASHINGTON
STATE SUPREME COURT - 6

action for improper burial of a child as an action "for a wrong against the feelings of the plaintiffs inflicted by a wrongful and improper burial of their dead; in other words, a tort"); *Brillhardt v. Ben Tipp, Inc.*, 48 Wn. 2d 722, 727 (1956) (permitting emotional distress damages where plaintiff had shown an "actual invasion of [her] right to enjoy her property without unreasonable interference" – in other words, an action for the tort of nuisance); *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn. 2d 959, 962 (1978) (finding plaintiff can recover damages for emotional distress where she brought "a cause of action for negligent infliction of mental distress").

Indeed, plaintiff has failed to provide the Court with a single instance where Washington courts permitted emotional distress damages for a breach of contract claim. While Washington courts have stated that this may be permissible in some instances (such as the examples listed in the comment to the Restatement), they have been hesitant to permit such damages. Because the mortgage contract at issue here does not have sufficient "elements of personality" to be a close call, the Court finds that there is sufficient state law to enable this court to make an informed decision on the issue, and certification would be inappropriate.

In summary, the Court finds that plaintiff's proposed question for certification does not meet the criteria required by RCW § 2.60.020 and accordingly denies plaintiff's motion.

### IV.   Conclusion

For all the foregoing reasons, plaintiff's "Motion to Certify Questions to the Washington State Supreme Court and Motion for Stay Pending Certified Questions" (Dkt. # 38) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of February, 2023.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO THE WASHINGTON
STATE SUPREME COURT - 7